# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00592-SCT

*HENRY ASHBY A/K/A/ HENRY FRANKIE ASHBY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/95 |
| TRIAL JUDGE: | HON. FRANK ALLISON RUSSELL |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | YOUNG, JOHN R., |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 6/5/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/26/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Henry Ashby was arraigned and plead not guilty of the sale of cocaine on February 24, 1992, in Itawamba County Circuit Court. Ashby was charged with wilfully, unlawfully and feloniously selling and transferring a quantity of cocaine, a schedule two controlled substance in violation of the Uniform Controlled Substance Act of the State of Mississippi. On February 25, 1993, Ashby changed his plea to not guilty before Circuit Judge Frank A. Russell. After his plea he was sentenced to twenty-five years to run concurrently with his sentence in Itawamba County Cause No. CR-92-011.

¶2. It is in the record that Ashby had previously plead guilty on one charge and had been convicted by a jury on yet another charge. The judge advised Ashby of the thirty-year maximum sentence the court could impose but failed to advise him of the minimum sentence. Per the plea bargain of February 25, 1993, Ashby agreed to dismiss his appeal to the Supreme Court in Cause No. CR92-011, and the State agreed to retire four other cases against Ashby.

¶3. Ashby was asked whether he felt that his counsel properly advised him before entering his plea and whether he was satisfied with the legal services and advice by counsel, and Ashby replied affirmatively.

¶4. On September 15, 1994, Ashby filed a motion to vacate his guilty plea and sentence of conviction pursuant to the Mississippi Uniform Post-Conviction Relief Act, Miss. Code Ann. § 99-39-1, *et. seq.* Ashby contends that his plea was not knowingly, intelligently, and voluntarily entered and that he was denied effective assistance of counsel when his attorney told him to plead guilty and dismiss his appeal in another conviction. Ashby requested an evidentiary hearing or any other relief deemed appropriate by the court.

¶5. On October 21, 1994, Jimmy Shelton, counsel for Ashby during his plea hearing, filed an affidavit with the court, in which stated that he represented Ashby in Cause No. CR92-011 in Itawamba County for the sale of cocaine on October 18, 1991. The result of this representation was a conviction and sentence of twenty-five years. This conviction was appealed to the Supreme Court.

¶6. Shelton's affidavit states that on February 24, 1992, Ashby was indicted in three other cases, and that he had at least two charges pending in Lee County for the sale of a controlled substance. On February 25, 1993, according to Shelton, the State offered Ashby a plea bargain in which Ashby would plead guilty to one count of sale of cocaine and serve twenty-five years concurrently with the conviction in CR92-011, and the State would dismiss the other charges pending in Itawamba and Lee counties. Ashby further agreed to dismiss his appeal of 92-011. Shelton's affidavit says that the plea bargain was fully explained to Ashby and that Ashby fully agreed that it was the best way to dispose of all charges against him.

¶7. Ashby filed a response to Shelton's affidavit in November 1, 1994. In the response Ashby argued that a defendant may not dismiss an appeal already perfected, and asserted that he was coerced into withdrawing his appeal.

¶8. Ashby contends that his guilty plea was not voluntarily made, because he was not advised of the minimum sentence he could receive. Ashby further argues that he has only an eleventh grade education, and that he did not fully understand the legal process in which he was involved. Therefore, Ashby contends that he was unable to knowingly and voluntarily waive his rights through a guilty plea. On January 24, 1995, Judge Russell denied all of Ashby's motions and this appeal followed.

## I.

### AS TO THE VOLUNTARINESS OF HIS PLEA ASHBY RAISED TWO POINTS.

1) He was not advised of the minimum sentence he could receive and 2) that he was unaware and ignorant of the principles of law and unable to comprehend the legal process.

¶9. Ashby was not informed of the minimum sentence for the charge against him. In a line of cases from this Court beginning with *Vittitoe v. State*, 556 So.2d 1062, 1063-65 (Miss. 1990), we have vacated sentences where the minimum penalty was not explained at the plea hearing. However, automatic invalidation of a guilty plea is no longer the rule in Mississippi. *Gibson v. State*, 641 So.2d 1163, 1166 (Miss. 1994); *Smith v. State*, 636 So.2d 1220, 1226 (Miss. 1994); *Gaskin v. State*, 618

So.2d 103, 108 (Miss. 1993). *Smith* is similar to this case. Smith was not advised of the mandatory minimum sentence for burglary when he entered a guilty plea with a recommended sentence by the State. In concluding that the failure to tell Smith of the mandatory minimum sentence was harmless error, we stated:

> There was no misrepresentation or misstatement as to a mandatory minimum sentence made to Smith by anyone, and he did not expect to receive the statutory mandatory minimum sentence. Instead, he knew and understood from the onset that the State would recommend a mandatory sentence of eight years if he plead guilty.

*Smith*, 636 So.2d at 1227. We held that the reliance and expectation elements were missing in *Smith*, and we find that to be true here as well. Ashby knew that the State would recommend a twenty-five year sentence that would run concurrently with his prior conviction. Ashby also knew that the State agreed to drop four other charges on which he faced punishment. We cannot under these circumstances find that Ashby was misled as to his situation or the minimum sentence that he could receive, and therefore we must conclude that he voluntarily entered his guilty plea.

¶10. Ashby argues that he did not understand the legal proceedings and, therefore, was unable to knowingly and voluntarily plead guilty. The law requires that a defendant possess understanding of law as well as the facts. Judge Russell questioned Ashby and noted his prior connections with the court, and Ashby's attorney filed an affidavit stating that Ashby fully understood the proceedings and agreed with the plea bargain. Ashby's formal education ended with the eleventh grade, but this does not create the presumption that Ashby did not understand his legal proceedings and their consequences. The record reveals that Ashby has been before the court before, and is no stranger to the process. Judge Russell specifically questioned Ashby as to his knowledge of the plea, witnessed Ashby's demeanor, and made sure that Ashby was content with his legal services. Under these circumstances we cannot conclude that Ashby lacked understanding of the legal proceedings and the consequences of his guilty plea.

## II.

### WAS ASHBY DENIED EFFECTIVE ASSISTANCE OF COUNSEL?

¶11. Ashby complains that his attorney did not inform him of his minimum sentence or his privilege against self incrimination. In *Kimmelman v. Morrison*, 477 U.S. 365, 378 (1986), the United States Supreme Court stated:

> A layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance cf. *Powell v. Alabama*, *supra*, 287 U.S., at 69, 53 S.Ct., at 64; consequently, a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case. Indeed, an accused will often not realize that he has a meritorious ineffectiveness claim until he begins collateral review proceedings. . .

*Kimmelman*, 477 U.S. at 378. Thus, Ashby feels that he is entitled to an evidentiary hearing.

¶12. The standard in determining ineffective counsel is well settled law. "The defendant must show

that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Gilliard v. State*, 462 So.2d 710, 714 (Miss. 1985) (*quoting Strickland v. Washington*, 466 U.S. 668 (1984)). Furthermore, trial counsel is presumed to be competent. *Brooks v. State*, 573 So.2d 1350, 1353 (Miss. 1990).

¶13. At the hearing, the court noted that Ashby was familiar with the judicial system. Ashby confirmed that his counsel properly advised him before entering his plea and that he was satisfied with the legal services and advice given by his legal counsel. Furthermore, Ashby's plea bargain added only a concurrent sentence, so that Ashby would not serve any additional time. Although Ashby agreed to dismiss his appeal of a prior conviction, the State dropped four pending criminal charges against Ashby pursuant to the plea bargain. Ashby's attorney, signed an affidavit stating that Ashby knew the legal consequences of his plea and that Ashby agreed that the plea was his best course of action. Therefore, presuming that his attorney was competent, and in light of the facts and record of this case, we cannot conclude that Ashby showed that but for Shelton's failure to state the mandatory minimum sentence, Ashby would have proceeded to trial.

## CONCLUSION

¶14. Ashby fails to state a claim upon which this Court may provide collateral relief. The law of Mississippi does call for automatic reversal of a sentence or require an evidentiary hearing when the defendant is not apprized of the mandatory minimum sentence. The defendant must show that he was misled, that the case was misrepresented to him, or that he expected to receive a lesser sentence. Ashby fails to show reliance or expectation, so we conclude that the failure to state the mandatory minimum sentence was harmless error. Ashby failed to provide sufficient evidence that he received ineffective assistance of counsel. Therefore, Ashby's appeal for an evidentiary hearing is denied.

¶15. **LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**