928 So.2d 911 (2006)
James Emory GARNER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00468-COA.
Court of Appeals of Mississippi.
February 14, 2006.
Certiorari Denied May 11, 2006.
*912 James Emory Garner, Appellant, pro se.
*913 Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. The appellant's motion for rehearing is denied. The original opinion is withdrawn and this opinion is substituted therefor.
¶ 2. In November 2001, James Garner pled guilty in the Monroe County Circuit Court to two counts of armed robbery. Count one originated in Monroe County, while count two originated in Lee County. Garner was sentenced to serve a term of twenty years on each count in the custody of the Mississippi Department of Corrections, to run concurrently with two previous, unrelated convictions. Garner filed a motion for post-conviction relief on June 24, 2003, which was dismissed by the trial court. Garner now appeals pro se to this Court, arguing: (1) that his guilty plea was involuntarily given; (2) he received ineffective assistance of counsel; and (3) the indictment charging him with armed robbery was fatally defective.
¶ 3. Finding that a hearing is necessary regarding Garner's reliance on incorrect information provided at his guilty plea, we reverse the judgment of the trial court and remand this case for a hearing on this issue.

STANDARD OF REVIEW
¶ 4. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where applicable questions of law are raised, the applicable standard is de novo." Sykes v. State, 895 So.2d 191, 197 (¶ 24) (Miss.Ct.App.2005). Regarding ineffective assistance of counsel claims, we look to Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." Id.

DISCUSSION

I. WAS GARNER'S GUILTY PLEA VOLUNTARILY MADE?
¶ 5. As a preliminary matter we note that Mississippi Code Annotated Section 99-39-9(2) (Supp.2005) provides that a motion for post-conviction relief shall be limited to a request for relief against one judgment. Additionally, "[i]f a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." Id. Accordingly, should Garner desire to collaterally attack his guilty plea in count two, he must file a motion for post-conviction relief regarding that judgment. As noted by an order of this Court on November 2, 2004, no motion for post-conviction relief was filed in the Lee County Circuit Court. Accordingly, this opinion is restricted to the denial of post-conviction relief for count one in Monroe County.
¶ 6. In his first assertion of error, Garner argues that his guilty plea should be vacated because he was not advised of the minimum sentence for his crime and he was improperly advised about his eligibility for parole. Garner argues that had he been aware that the minimum sentence *914 for armed robbery was three years, he would not have pled guilty.
¶ 7. A plea is considered voluntary if the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea. Wilson v. State, 577 So.2d 394, 397 (Miss.1991). Automatic invalidation of a guilty plea where the defendant was not informed of the minimum penalty is no longer the rule in Mississippi. Ashby v. State, 695 So.2d 589, 591 (Miss.1997). For us to reverse on this issue, Garner must show that he was misled, that the case was misrepresented to him, or that he expected to receive a lesser sentence. Id. at 593.
¶ 8. Nothing in the record indicates that any of these scenarios applies. While we are not privy to Garner's conversations with counsel prior to his guilty plea, the record indicates that Garner clearly understood the State would recommend a sentence of twenty years and the trial judge could sentence him to a term "reasonably less than life." We agree with the trial court that any error committed in failing to advise Garner of the minimum sentence was harmless.
¶ 9. Garner's contention that the trial court erroneously informed him regarding parole is more problematic. After informing Garner that the State recommended a sentence of twenty years on each count, the trial judge asked Garner, "Do you also understand that you won't be eligible for any release, due to the fact that this involved the use of a deadly weapon, for at least the first ten years of this sentence?" To this Garner responded in the affirmative.
¶ 10. A person convicted of armed robbery through the display of a firearm on or after January 1, 1977, who is sentenced to more than ten years must serve at least ten years prior to being eligible for parole. Mississippi Code Annotated Section 47-7-3(d)(i)(Rev.2004). This provision does not apply to persons convicted on or after September 30, 1994. Id. Because Garner pled guilty in 2001, the ten year requirement for parole is inapplicable, and we look to Mississippi Code Annotated Section 47-7-3-(d)(ii), which prohibits parole for persons convicted of armed robbery through the display of a deadly weapon on or after October 1, 1994. While it is unclear what advice counsel gave to Garner, it is clear from the record that the information provided by the trial judge regarding parole was incorrect.
¶ 11. In Fairley v. State, 834 So.2d 704 (Miss.2003), the defendant pled guilty to armed robbery but sought post-conviction relief because he was misinformed about his eligibility for parole. Our supreme court found that the defendant was entitled to an evidentiary hearing to determine whether he relied on erroneous information in making his plea. The court found that "failure to mention something concerning parole eligibility may be no problem, but erroneous information concerning parole and sentencing at least entitles the petitioner to an evidentiary hearing on whether he relied on the erroneous information." Id. at 707 (¶ 8).
¶ 12. In the case sub judice, the trial court accepted briefs on this issue, but there is no indication in the record that the court held a hearing. While the failure to inform the defendant of the minimum sentence was harmless error, we find that the defendant is entitled to a hearing to determine whether he relied on improper information regarding his eligibility for parole.

II. WAS GARNER'S TRIAL COUNSEL INEFFECTIVE?
¶ 13. "A claim of ineffective assistance of counsel, in order to entitle the defendant *915 to relief, requires both a showing of deficient performance and a showing that, but for the deficient performance, a different result would likely have resulted." Donnelly v. State, 841 So.2d 207, 211 (¶ 8) (Miss.Ct.App.2003).
¶ 14. Garner does not contest his guilt, but he does argue that his attorney erroneously advised him regarding his eligibility for parole. Any advice by counsel that Garner would be eligible for parole was incorrect and constitutes deficient performance. Thomas v. State, 881 So.2d 912, 916 (¶ 16) (Miss.Ct.App.2004). Having shown deficient performance, Garner must prove that he would not have pled guilty but for the incorrect advice. Harris v. State, 806 So.2d 1127, 1131 (¶ 11) (Miss. 2002). In his motion Garner states that he would not have pled guilty but for the erroneous advice. If his attorney improperly advised him of his eligibility for parole, Garner is entitled to a hearing to investigate his claim that he would not have pled guilty but for the incorrect advice. Thomas, 881 So.2d at 916 (¶ 16). We find that this issue has merit, and Garner is entitled to an evidentiary hearing to review this issue.

III. WAS THE INDICTMENT FOR ARMED ROBBERY FATALLY DEFECTIVE?
¶ 15. Garner also contends that the facts of the case do not support the indictment, since the State failed to allege essential elements regarding the weapon used during the crime. Garner argues that the indictment improperly characterizes his weapon as a deadly weapon, because in one robbery he represented to his victim that his finger was a gun.
¶ 16. If an indictment reasonably provides the accused with actual notice and it complies with Rule 7.06 of the Uniform Circuit and County Court Rules, it is sufficient to charge the defendant with the crime. Turner v. State, 864 So.2d 288, 293 (¶ 22) (Miss.Ct.App.2003). There is no question that Garner received actual notice of the crime with which he was being charged. This issue is without merit.
¶ 17. We reverse the decision of the trial court for an evidentiary hearing on (1) whether Garner's plea was involuntary due to erroneous information regarding eligibility for parole and (2) whether he received ineffective assistance of counsel due to erroneous advice about his parole eligibility.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR A HEARING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.