944 So.2d 934 (2006)
James Emory GARNER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01520-COA.
Court of Appeals of Mississippi.
December 12, 2006.
*936 James Emory Garner, appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. On November 5, 2001, James Emory Garner pled guilty to armed robbery. Garner filed a motion for post-conviction relief (PCR) from that conviction entitled "Motion to Vacate and Set-Aside Armed Robbery Conviction and Sentence and to Withdraw Guilty Plea." The PCR was denied by the trial court.
¶ 2. Garner appeals pro se, arguing (1) that the Circuit Court of Monroe County lacked the power to accept his guilty plea to a Lee County charge; (2) that his guilty plea was involuntary because the trial court gave him erroneous information about his parole eligibility and he was never informed of the minimum sentence for armed robbery; (3) that he received ineffective assistance of counsel; (4) that the trial court erred by accepting his guilty plea when he had been without psychiatric medication for five days; (5) that his plea was involuntary because there was no factual basis for his plea to armed robbery; and (6) that the indictment did not properly charge him with armed robbery.
¶ 3. We find that Garner's indictment did not charge Garner with exhibiting a deadly weapon and, therefore, failed to charge him with an essential element of the crime of armed robbery. The indictment did describe simple robbery; therefore, the trial court had jurisdiction to accept Garner's guilty plea to simple robbery. Neal v. State, 936 So.2d 463, 470 (¶ 22) (Miss.Ct.App.2006). However, the record reflects that Garner was not informed about the true nature of the charge against him, or of its consequences. For that reason we cannot say that Garner entered a voluntary guilty plea to simple robbery. Consequently, the trial court erred by denying Garner's motion to withdraw *937 the guilty plea. We reverse Garner's conviction of armed robbery, vacate Garner's guilty plea, and remand for further proceedings on the simple robbery charge.

FACTS AND PROCEDURAL HISTORY
¶ 4. The procedural history of this appeal is enmeshed with the history of another plea of guilt to armed robbery which Garner made at the same time as the instant guilty plea. On June 14, 2001, a Monroe County grand jury indicted Garner for armed robbery. On February 7, 2001, a Lee County grand jury returned an indictment against Garner, which stated in pertinent part:
That James E. Garner in said County and State on the 30th day of October, A.D.2000, did wilfully, unlawfully and feloniously in and upon Donna Gann, agent and employee of Litco Petroleum Co., Inc., d/b/a Exxon Express Shop # 2 then and there did unlawfully and feloniously make an assault on the said Donna Gann, agent and employee of Litco Petroleum Co., Inc., d/b/a Exxon Express Shop # 2, and did then and there feloniously put her in fear of immediate injury to her person, by representing that he has a pistol when in fact he was pointing a finger concealed by a coat at the cashier and demanded the cash from the store cash register, and from her presence and against her will did feloniously and unlawfully rob, take, steal and carry away $270.00, the personal property of Litco Petroleum Co., Inc., d/b/a Exxon Express Shop # 2; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Mississippi.
¶ 5. On November 5, 2001, the Circuit Court of Monroe County accepted Garner's guilty pleas to both the Monroe County charge and the Lee County charge. The trial court referred to both charges as charges of armed robbery. The court ascertained that Garner understood that by pleading guilty he would waive certain constitutional rights. The court read both indictments and Garner stated that he understood each charge and admitted that he had performed the acts charged in each indictment. The court informed Garner of the maximum sentence for armed robbery. The court accepted the State's sentencing recommendation and sentenced Garner to twenty years on each count of armed robbery, to run concurrently with each other and concurrently with Garner's sentences in two prior, unrelated convictions. Two separate judgments of conviction for armed robbery were entered against Garner, one in Monroe County on the Monroe County charge and one in Lee County on the Lee County charge.
¶ 6. On or about June 23, 2003, Garner filed a PCR pertaining to the convictions in the Circuit Court of Monroe County. The trial court ordered the State to file an answer pursuant to Mississippi Code Annotated section 99-39-11(3) (Supp.2006) and subsequently denied the PCR. On February 14, 2006, this Court reversed and remanded the case for an evidentiary hearing concerning Garner's allegation that his plea was involuntary due to erroneous advice about parole eligibility and his claim of ineffective assistance of counsel. See Garner v. State, 928 So.2d 911, 915 (¶ 17) (Miss.Ct.App.2006). We found that the trial court had advised Garner incorrectly that he would be eligible for parole after serving the first ten years of his sentence, when in reality Garner's entire sentence was without parole eligibility pursuant to Mississippi Code Annotated section 47-7-3(1)(d)(ii) (Supp.2006). Id. at 914 (¶ 10). In so holding, we observed that, pursuant to section 99-39-9(2), a PCR must be limited to seeking relief from one *938 judgment only and, therefore, Garner's PCR was limited to his Monroe County armed robbery conviction. Id. at 913 (¶ 5).
¶ 7. On September 14, 2003, Garner filed the instant PCR in the Circuit Court of Lee County challenging the Lee County armed robbery conviction. On December 20, 2004, the court denied the PCR based on the court's earlier rejection of Garner's arguments concerning the Monroe County conviction. Garner appeals. For clarity, we have restated several of Garner's issues.

STANDARD OF REVIEW
¶ 8. When reviewing the denial of post-conviction relief, we will reverse the fact-findings of the trial court where those findings are clearly erroneous. Boddie v. State, 875 So.2d 180, 183 (¶ 6) (Miss.2004). Questions of law are reviewed de novo. Id. Moreover, section 99-39-27(5) instructs this Court to examine the entire record to determine whether the petitioner has made a substantial showing of the denial of a state or federal right. Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990).

LAW AND ANALYSIS
I. WHETHER GARNER'S GUILTY PLEA TO A LEE COUNTY CHARGE WAS PROPERLY ACCEPTED IN THE CIRCUIT COURT OF MONROE COUNTY.
¶ 9. Garner contends that he was never properly arraigned or appointed counsel on the Lee County charge because the Circuit Court of Monroe County lacked the power to accept his guilty plea to a Lee County charge. While Garner characterizes this deficit as a lack of subject matter jurisdiction, his arguments pertain to the proper venue for his guilty plea. The Circuit Court of Monroe County had subject matter jurisdiction to accept a guilty plea to a crime properly charged by the State of Mississippi pursuant to Mississippi Code Annotated section 9-7-81 (Rev.2002), which provides that circuit courts have jurisdiction to "hear and determine all prosecutions in the name of the state for felonies, crimes, and misdemeanors. . . ."
¶ 10. The propriety of the Circuit Court of Monroe County's acceptance of Garner's guilty plea to a Lee County charge is established by Mississippi Code Annotated section 99-15-24 (Rev.2000). That section governs venue for guilty pleas, and provides that, in criminal cases in circuit courts, guilty pleas may be taken in any county in the circuit court district that contains the county in which venue lies. Miss.Code Ann. § 99-15-24. Mississippi Code Annotated section 99-15-35 (Rev. 2000) indicates that the usual venue is the county where the offense is charged to have been committed.
¶ 11. Garner's offense was charged to have been committed in Lee County. Lee County is in the First Circuit Court District. Miss.Code Ann. § 9-7-5 (Rev.2002). Any other circuit court in the First Circuit Court District could have accepted Garner's guilty plea. Miss.Code Ann. § 99-15-24. The Monroe County Circuit Court is in the First Circuit Court District. Miss.Code Ann. § 9-7-5. Therefore, the Monroe County Circuit Court was an appropriate venue for Garner's guilty plea to the Lee County charge. Accordingly, all of Garner's arguments dependent on the impropriety of the venue for the plea are without merit.
II. WHETHER GARNER IS ENTITLED TO AN EVIDENTIARY HEARING ON THE ISSUES PREVIOUSLY LITIGATED IN HIS EARLIER MOTION FOR POST-CONVICTION RELIEF.
¶ 12. The State concedes that Garner is entitled to an evidentiary hearing. *939 In Garner's appeal concerning his Monroe County conviction, due to the trial court's erroneous advice about parole eligibility and Garner's allegation that appointed counsel had similarly misinformed him, we held that Garner was entitled to an evidentiary hearing concerning the voluntariness of his guilty plea and whether he received ineffective assistance of counsel. Garner, 928 So.2d at 915 (¶ 17). This PCR concerns Garner's guilty plea to the Lee County charge that was entered at the same proceeding as the Monroe County charge. The plea colloquy pertained to both armed robbery charges. Though the Lee County judgment is the subject of this action, pursuant to the doctrine of collateral estoppel, the specific issues regarding Garner's understanding of the minimum sentence and his parole eligibility and ineffective assistance of counsel concerning the erroneous parole advice are precluded from relitigation. Pickle v. State, 791 So.2d 204, 207 (¶ 14) (Miss.Ct.App.2001).
¶ 13. Therefore, Garner is entitled to an evidentiary hearing on (1) whether his plea was involuntary due to erroneous information about his parole eligibility and (2) whether he received ineffective assistance of counsel due to counsel's mistaken advice about his parole eligibility. See Garner, 928 So.2d at 915 (¶ 17). However, as addressed below, the Lee County indictment evinces that Garner was charged with simple robbery, not armed robbery. Because the record reflects that Garner, his attorney, the prosecutor, and the trial court thought Garner had been charged with armed robbery, Garner's guilty plea could not have been voluntary. The plea was constitutionally invalid and unenforceable, and Garner's request to withdraw the plea is granted. We reverse and remand for further proceedings on Garner's charge of simple robbery. This outcome obviates the need for an evidentiary hearing on voluntariness and ineffective assistance of counsel on Garner's Lee County conviction.
III. WHETHER THE INDICTMENT PROPERLY CHARGED GARNER WITH ARMED ROBBERY.
¶ 14. An indictment serves the following purposes:
(1) to furnish the accused such a description of the charge against him as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, (2) to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be obtained and (3) to guard against malicious, groundless prosecution.
Jefferson v. State, 556 So.2d 1016, 1021 (Miss.1989). A defendant has a constitutional right to be informed of the nature and cause of the accusation. U.S. Const. amend. VI; Miss. Const. art. 3, § 26. A valid guilty plea waives all technical and non-jurisdictional defects in an indictment. Brooks v. State, 573 So.2d 1350, 1355 (Miss.1990). A guilty plea does not waive any failure of the indictment to charge an essential element of the offense. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989).
¶ 15. Garner contends that his indictment failed to charge an essential element of armed robbery, namely, the exhibition of a deadly weapon. The definition of armed robbery is codified at Mississippi Code Annotated section 97-3-79 (Rev. 2006) and provides:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his *940 person by the exhibition of a deadly weapon shall be guilty of robbery. . . .
While Garner's Monroe County indictment successfully charged Garner with all of the essential elements of armed robbery, his Lee County indictment stated that Garner had robbed Donna Gann by putting her in fear of immediate injury to her person "by representing that he has a pistol when in fact he was pointing a finger concealed by a coat at the cashier and demanded the cash from the store cash register. . . ." The indictment did not specify the statutory section under which Garner was charged or state that the crime charged was armed robbery; it merely stated that Garner's acts were "contrary to the form of the statute in such cases made and provided." At the plea hearing, Garner admitted to having committed the acts charged in the indictment.
¶ 16. An indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. URCCC 7.06. It must fully notify the defendant of the nature of the charge and the cause of the accusation. Id. Plainly, the Lee County indictment contains no explicit charge of the exhibition of a deadly weapon. Nor did the indictment charge acts that would constitute the exhibition of a deadly weapon. In Dambrell v. State, 903 So.2d 681 (Miss. 2005), the supreme court reviewed Mississippi precedent concerning the exhibition of a deadly weapon element of the crime of armed robbery. The court held that the exhibition of a deadly weapon element is fulfilled "as long as the victim reasonably believes that the defendant has a deadly weapon and the defendant makes an overt act." Id. at 689 (¶ 32). The indictment charged Garner with effecting the robbery by placing the cashier in fear of immediate injury to her person by pointing a finger concealed in a coat at the cashier and representing that he had a pistol. Garner admitted to those acts at the plea hearing. But because the indictment omitted the "exhibition of a deadly weapon" element, Garner was not placed on notice that the State would attempt to prove that he had exhibited a deadly weapon. There is a fundamental difference between being properly charged with armed robbery through exhibition of a deadly weapon and the question of what proof suffices to establish that charge, which was the issue in Dambrell.
¶ 17. The indictment properly announced a charge of simple robbery. According to Mississippi Code Annotated section 97-3-73 (Rev.2006), "Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery." The three essential elements of robbery are: (1) felonious intent; (2) force or putting in fear as a means of effectuating the intent; and (3) by that means, taking and carrying away the personal property of another from the person or in his presence. Crocker v. State, 272 So.2d 664, 665 (Miss.1973). Garner's indictment provided that he wilfully and feloniously placed the cashier in fear of immediate injury to her person by representing that he had a pistol, that he demanded the cash from the cash register, and that he robbed, stole, or carried away $270 in cash from the Exxon Express Shop. These statements articulated the essential elements of simple robbery. Miss.Code Ann. § 97-3-73.
¶ 18. Because Garner's indictment failed to charge the essential elements of armed robbery, the circuit court lacked subject matter jurisdiction over the offense of armed robbery. Jefferson, 556 So.2d at 1021. But, the indictment properly *941 charged Garner with the crime of simple robbery. This situation implicates our recent decision in Neal v. State, 936 So.2d 463 (Miss.Ct.App.2006). In Neal, the defendant was indicted for capital murder. Id. at 465 (¶ 3). He later waived indictment for manslaughter and simple robbery and allowed his prosecution based on an information. Id. His attorney signed the waiver of indictment, certifying to the court that the elements therein had been explained to Neal. Id. at 471 (¶ 27). Later, Neal's attorney notified the court that Neal wanted to plead guilty to manslaughter and armed robbery. At the plea hearing, Neal represented to the court that the information was true. Id. He further stated that the killing occurred "while in the commission of a robbery of Mr. W.Q. Bradley by using the weapon of a 12-gauge pump shotgun." Id. at 470 (¶ 27). The court accepted Neal's guilty plea to armed robbery. Id. at 466 (¶ 4).
¶ 19. We recognized that, because Neal's waiver of indictment did not describe armed robbery, the court lacked subject matter jurisdiction to accept Neal's guilty plea to armed robbery. Id. at 466 (¶ 9). We held that the court had jurisdiction to accept his plea to simple robbery, the crime for which Neal, in the information, agreed to be prosecuted. Id. at 470 (¶ 22). After finding that Neal had not shown his guilty plea to simple robbery was involuntary, we reversed his conviction of armed robbery, rendered the conviction as one for simple robbery, and remanded the case for sentencing on simple robbery. Id. at 470-71 (¶¶ 25-30).
¶ 20. Garner's indictment properly charged him with simple robbery and, therefore, was sufficient to convey jurisdiction upon the court to accept Garner's plea of guilt to simple robbery. Nonetheless, as we find that Garner's guilty plea was involuntary because he was not informed of the true nature and consequences of the charge, we decline to reverse and remand for sentencing on simple robbery.
IV. WHETHER GARNER'S GUILTY PLEA WAS INVOLUNTARY.
¶ 21. "A plea cannot support a judgment of guilt unless it was voluntary in a constitutional sense." Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). A valid guilty plea must be a voluntary and intelligent choice by the accused among the available alternative courses of action. Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The constitutionality of a guilty plea is threatened by ignorance, incomprehension, coercion, terror or other inducements. Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Therefore, before accepting a guilty plea, the trial court must inquire as to the voluntariness of the plea. URCCC 8.04(A). The accused must be advised concerning the nature of the charge and the consequences of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The trial court may assure itself that the accused understands the elements of the crime charged by explaining the elements to the accused or by counsel's representation to the court that the elements of the crime have been explained to the accused. Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). The court must inform the accused of the maximum and minimum sentences that may be imposed for the charged crime. URCCC 8.04(A)(4)(b). The court must also ascertain that the accused is competent to understand the nature of the charge. URCCC 8.04(A)(4)(a). Moreover, the accused must be informed that a guilty plea waives certain constitutional rights such as the right to a trial by jury, the right to confront adverse witnesses, and *942 the right to protection against self-incrimination. Alexander, 605 So.2d at 1172.
¶ 22. A defendant may collaterally attack the validity of a guilty plea with a motion for post-conviction relief. Miss. Code Ann. § 99-39-5(1)(f) (Supp.2006). The petitioner has the burden of proof by a preponderance of the evidence that the plea was not knowingly and voluntarily made. Miss.Code Ann. § 99-39-23(7) (Supp.2006). Garner moves to withdraw the guilty plea due to involuntariness. Among other arguments, he asserts that he was not informed of the true nature and consequences of the charge against him. While Garner does not specifically contend that he was not informed about the charge of simple robbery, we take into account that Garner is proceeding pro se. As an exercise of discretion, we will not disregard his otherwise meritorious claim due to inartful drafting. Moore, 556 So.2d at 1061.
¶ 23. In the plea hearing transcript, the court stated that Garner had indicated to the court through his attorney that he desired to enter "two pleas of guilty to two charges of armed robbery," one in Monroe County and one in Lee County. The court ascertained that Garner's attorney had discussed the elements of the charge with him, had advised him of his constitutional rights, and had informed him of the consequences of pleading guilty. The State's plea recommendation was twenty years on each armed robbery charge, to run concurrently, and to pay restitution. Thus, the record reflects that Garner, his attorney, the prosecutor, and the trial court all thought that Garner's indictment charged him with armed robbery. The record evinces that the explanations given to Garner about the nature of the charge, the possible sentences and other consequences of the plea, and the plea bargaining process all pertained to armed robbery, not to simple robbery. For this reason, Garner's guilty plea was not voluntary in a constitutional sense. He never received "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Henderson, 426 U.S. at 645, 96 S.Ct. 2253. Nor was Garner accurately informed of the consequences of a guilty plea to robbery. The maximum sentence for armed robbery is life if fixed by the jury. Miss.Code Ann. § 97-3-79. The maximum sentence for simple robbery is fifteen years. Miss. Code Ann. § 97-3-75 (Rev.2006). When Garner evaluated the State's plea recommendation and made his decision to plead guilty, he was under the erroneous belief that he could be sentenced to life imprisonment were he to proceed to trial and be found guilty, when in fact he could have received only fifteen years.
¶ 24. This case is distinguishable from the similar situation in Neal in which, after finding the court lacked jurisdiction to accept Neal's guilty plea to armed robbery, we remanded for sentencing on simple robbery. Neal, 936 So.2d at 470 (¶ 22). In that case, we found that Neal had failed to show his guilty plea to robbery was involuntary because, in the waiver of indictment, Neal agreed that he was charged with robbery. Id. at 470 (¶ 27). Further, Neal's attorney signed the waiver of indictment, certifying that he had explained the elements of robbery to Neal. Id. at 471 (¶ 27). And, the specific elements of robbery appeared on several documents that Neal signed. Id. at 471 (¶ 28). The sole problem in Neal was that Neal's attorney erroneously had informed the trial court that Neal was pleading guilty to armed robbery, whereupon the court accepted Neal's guilty plea to armed robbery. Since Neal had been fully informed of the charge of robbery and the elements *943 of robbery, we found that Neal had failed to show that he involuntarily pled guilty to robbery. Id. at 471(¶ 29).
¶ 25. Unlike in Neal, in this case, the record reflects a fundamental misunderstanding below about the identity of the crime charged in the indictment. The record shows that Garner, his appointed counsel, the trial court, and the prosecutor were all under the impression that Garner had been indicted for armed robbery. Therefore, Garner was never informed of the true nature of the charge against him or of the consequences of pleading guilty to robbery. Thus, Garner could not have made a knowing, intelligent, and voluntary decision to plead guilty. We reverse and render Garner's armed robbery conviction, vacate his guilty plea, and remand for proceedings on the simple robbery charge. This disposition of the case renders Garner's other issues moot.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MYERS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.