GRIFFIS, J., for the Court.
¶ 1. Charles Caldwell appeals the denial of his motion for post-conviction relief. He raises four issues: (1) that his guilty plea was involuntarily made; (2) that he was denied due process of law; (3) that he was denied effective assistance of counsel; and (4) that the trial court erred in denying an evidentiary hearing on his motion. We find no error and affirm.
FACTS
¶ 2. The facts of this case are tied very closely to another case this Court recently addressed in Caldwell v. State, 953 So.2d 266 (Miss.Ct.App.2007). In each case, Caldwell pled guilty to sexual battery of female children under the age of nine years.
¶ 3. Here, Caldwell was indicted for fondling and sexual battery of “Jessy,”[1] five-years-old, and “Lisa,” eight-years-old. While in the previous case, Caldwell was indicted for fondling and the sexual battery of “Kelly,” five-years-old. After reaching a plea agreement with the State as to both indictments, Caldwell entered a plea of guilty to the sexual battery of Jessy, Lisa, and Kelly. The agreement stated that the prosecution would recommend a thirty-five year sentence with eighteen years suspended and five years of post-release supervision, as well as retire the remaining counts in the indictments of fondling to the files.
¶ 4. On November 7, 2003, the trial court held a guilty plea hearing where Caldwell entered a plea of guilty to the sexual battery of the three children. Following a thorough plea colloquy, the trial court found that the guilty plea was knowingly and voluntarily entered and accordingly accepted the plea. The trial court then deferred sentencing to the following week.
¶ 5. On November 12, 2003, the trial court held a sentencing hearing in which victim impact statements were made by relatives of the victims. At the conclusion of the hearing, the trial court accepted the sentencing recommendation of the State *570 and sentenced Caldwell to thirty-five years imprisonment with eighteen years suspended and five years post-release supervision for each count of sexual battery. The trial court ordered that the three sentences were to run concurrently.
¶ 6. On February 23, 2005, Caldwell filed a motion for post-conviction relief challenging the order convicting Caldwell of sexual battery against Kelly. The trial court denied the motion and Caldwell subsequently appealed. As mentioned above, this Court affirmed the trial court’s denial. Id. at (¶ 17).
¶ 7. On March 18, 2005, Caldwell filed another motion for post-conviction relief. This time Caldwell challenged the order convicting him of sexual battery against Jessy and Lisa. The motion alleged the exact same errors as the motion filed February 23, 2005. The trial court once again denied his motion, and he now appeals to this Court alleging the exact same issues as he argued in the earlier case.
ANALYSIS
¶ 8. Since this Court has dealt with one conviction of sexual battery and the same plea colloquy pertaining to the three convictions, the doctrine of collateral estoppel applies. A similar case involving separate motions for post-conviction relief occurred in Garner v. State, 944 So.2d 934 (Miss.Ct.App.2006). There, Garner received two convictions obtained by guilty pleas for two separate charges of armed robbery. Id. at 937(¶4). The guilty plea for each charge was also taken in the same plea colloquy. Id. at (¶ 5). Garner then filed two separate motions for post-conviction relief each attacking a separate conviction, which were each summarily denied. Id. at (¶¶ 6-7). Garner appealed the denial of each motion. Id. This Court addressed the merits of the first motion appealed. Id. at (¶ 6). Then, upon the appeal of the second motion, this Court found that any identical arguments were collaterally es-topped, while it addressed the merits of any new arguments. Id. at (¶ 12).
¶ 9. Here, Caldwell did not make any new or unique arguments to the convictions which he attacked. Therefore, he is precluded from the relitigation of the issues this Court has previously addressed. Id. (citing Pickle v. State, 791 So.2d 204, 207(¶ 14) (Miss.Ct.App.2001)).
¶ 10. This Court previously affirmed the trial court’s denial of Caldwell’s motion for post-conviction relief as to the conviction of sexual battery against Kelly. Caldwell, 953 So.2d at (¶ 17). Accordingly, due to the bar of collateral estoppel, we affirm the trial court’s denial of a motion for post-conviction relief as to the conviction of sexual battery against Jessy and Lisa.
¶11. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. As the victims of this crime are minor children, this opinion has changed their names in order for them to retain their anonymity.