LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On November 14, 2007, James McCoy pleaded guilty in the Union County Circuit Court to two counts of armed robbery. McCoy was sentenced to thirty years on each count with five years of each count suspended and five years of post-release supervision. The trial court ordered the sentences to run concurrently.
 

 ¶ 2. On February 9, 2009, McCoy filed his motion for post-conviction relief. The trial court subsequently denied McCoy’s motion for relief. McCoy now appeals asserting several issues that are appropriately addressed as follows: (1) whether an evidentiary hearing was required and (2) whether McCoy’s counsel was ineffective.
 

 ¶ 3. Finding that an evidentiary hearing is necessary regarding McCoy’s reliance on incorrect information concerning his parole eligibility, we reverse the trial court’s judgment and remand this case for an evidentiary hearing on this issue.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. EVIDENTIARY HEARING
 

 ¶ 5. McCoy argues that he was entitled to an evidentiary hearing because he was misinformed about his eligibility for parole. McCoy’s signed guilty plea petition stated that he would be eligible for parole after serving ten years of his sentence. The trial court also informed McCoy twice during the plea colloquy that he could be eligible for parole after serving ten years. McCoy also included affidavits from two witnesses who heard McCoy’s counsel tell him that he could be eligible for parole in ten years.
 

 ¶ 6. A person convicted of armed robbery through the display of a firearm on or after January 1, 1977, who is sentenced to more than ten years must serve at least ten years prior to being eligible for parole. Miss.Code Ann. § 47 — 7—3(l)(d)(i) (Supp.2009). This provision does not apply to persons convicted on or after September 30, 1994.
 
 Id.
 
 Because McCoy pleaded guilty in 2007, the ten-year requirement for parole is inapplicable, and we look to Mississippi Code Annotated section 47-7-3(l)(d)(ii) (Supp.2009), which prohibits parole for persons convicted of armed robbery through the display of a deadly weapon on or after October 1, 1994. It is clear from the record that the information provided by the trial court and McCoy’s counsel regarding parole was incorrect.
 

 ¶ 7. Although the State concedes that these statements were incorrect, it contends that any error was harmless. However, in similar situations the Mississippi
 
 *1199
 
 Supreme Court and this Court have reversed for evidentiary hearings to determine whether the defendants relied on improper information regarding parole eligibility.
 
 See Fairley v. State,
 
 834 So.2d 704, 707 (¶ 8) (Miss.2003) (erroneous information concerning parole and sentencing at least entitles the petitioner to an evi-dentiary hearing on whether he relied on the erroneous information);
 
 Garner v. State,
 
 928 So.2d 911, 914 (¶ 12) (Miss.Ct.App.2006). We find that McCoy is entitled to an evidentiary hearing to determine whether he, in fact, relied upon this erroneous information in pleading guilty.
 

 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 8. In regard to whether his trial counsel was ineffective, McCoy must allege facts showing his counsel’s performance was deficient, and the deficient performance prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 ¶ 9. McCoy contends that his trial counsel failed to conduct any pretrial investigation. However, from the record it is clear that his attorney did prepare for trial by conducting discovery, interviewing witnesses, filing several pretrial motions, and preparing McCoy himself for trial.
 

 ¶ 10. Most importantly, McCoy argues that his attorney erroneously advised him regarding his eligibility for parole. This advice constitutes deficient performance.
 
 See Garner,
 
 928 So.2d at 915 (¶ 14);
 
 Thomas v. State,
 
 881 So.2d 912, 916 (¶ 16) (Miss.Ct.App.2004). It is unclear from McCoy’s brief as to whether McCoy would have pleaded guilty but for the incorrect advice. This claim should be investigated during the evidentiary hearing.
 

 ¶ 11. THE JUDGMENT OF THE UNION COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR AN EVIDENTIARY HEARING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. GRIFFIS AND MAXWELL, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.