CARLTON, J.,
dissenting:
¶29. I respectfully dissent from the majority’s decision. Lochridge was indicted on January 18, 2008, for the offense on which she bases her malicious-prosecution claim. An indictment serves the purpose of guarding against malicious prosecution. Jefferson v. State, 556 So.2d 1016, 1021 (Miss.1989); Garner v. State, 944 So.2d 934, 939 (¶ 14) (Miss.Ct.App.2006).
¶30. Since probable cause existed, as shown by the independent review by the grand jury and the prosecutor, Lochridge’s malicious-prosecution claim fails due to the lack of evidence establishing both the “malice” and “want of probable cause” elements of malicious prosecution. See Funderburk v. Johnson, 935 So.2d 1084, 1100 (¶ 41) (Miss.Ct.App.2006). By order dated February 29, 2008, the circuit judge retired the cause to the files, and on September 11, 2008, the circuit judge granted Lochridge’s motion to dismiss the charges. On its face, the order of dismissal contained no language dismissing the case with prejudice.
¶ 31. Additionally, I submit that since probable cause existed to support the charges, as evidenced by the grand-jury indictment, Lochridge is unable to meet her burden to show that the conduct of Pioneer rose to the level of extremely outrageous or beyond all possible bounds of decency to establish her claim of malicious prosecution. See id. (citing Croft v. Grand Casino Tunica, Inc., 910 So.2d 66, 75 (¶ 32) (Miss.Ct.App.2005)).[2]
¶ 32. In this case, nothing in the record indicates that the criminal case was dismissed due to a lack of probable cause or any malicious intent. In the civil case, Pioneer attached to its motion for summary judgment an incident report identifying the items taken from the living center. The summary-judgment motion also referenced the notification to Lochridge that she had been laid off. Pioneer also attached to the motion Lochridge’s deposition, documenting the return of her facility keys. It also attached the affidavit of Major Shumpert of the Aberdeen Police Department charging Lochridge with unlawfully carrying away goods of Pioneer valued over $3,000. Pioneer alleged in its motion for summary judgment that a warrant for Lochridge’s arrest was issued May 9, 2007, and Lochridge turned herself in to authorities that same day. Pioneer further contended that at that time, Lo-chridge met with Officer Shumpert and provided receipts for some of the items she had taken from Pioneer. However, Pioneer explained in its motion that when Lochridge turned herself in, she was still in possession of Pioneer’s patient files and other items belonging to Pioneer. Pioneer stated that Lochridge subsequently turned over the property of Pioneer. Pioneer also claimed that Lochridge had previously returned other items to Pioneer that she had taken on Saturday, May 5, 2007, and that she had notified Pioneer of the return of the items. Lochridge claimed that some of the “stolen” items did not belong to Pioneer. Pioneer alleged in its motion that some of the items taken by Lochridge had been thrown across Pioneer’s parking lot and yard.
¶ 33. The summary-judgment motion reflects that the State contacted Pioneer on the eve of trial requesting that Pioneer supply information as to items for which it had reimbursed Lochridge. Pioneer asserts that it could not locate the documentation on such short notice because, if such information existed, the documentation would have been located in Magee, Missis *951 sippi. Pioneer notified the district attorney by letter that it did not wish to pursue charges at that time, and the district attorney requested that the case be retired to the files. As stated, the trial court approved this request on February 29, 2008. On April 7, 2008, Lochridge filed a motion to dismiss charges against her with prejudice or, in the alternative, to set the case for trial. On September 11, 2008, the trial court dismissed the case. However, the trial court’s order does not state that the dismissal was with prejudice. The dismissal was not at the request of Pioneer. Further, the criminal case was not terminated on its merits in favor of Lochridge. The affidavit in support of the criminal charges was never withdrawn by Pioneer or the affiant.
¶ 34. “It is evident from our cases that, when a suit for malicious prosecution is based on a criminal proceeding, the criminal proceeding must terminate in favor of the defendant before a defendant has a cause of action for malicious prosecution.” Pugh v. Easterling, 367 So.2d 935, 937 (Miss.1979). In this ease, neither the retirement of the charges to the files nor the dismissal of the case without prejudice constitutes a termination in favor of Lo-chridge. See Rush v. State, 254 Miss. 641, 182 So.2d 214, 216 (1966) (“The passing of an indictment to the files is not an acquittal or a nolle prosequi of the indictment.”).[3] Furthermore, jeopardy did not attach in this case since no jury was sworn or empaneled. See Deeds v. State, 27 So.3d 1135, 1139 (¶10) (Miss.2009). See also Miss. Const, art. 3, § 22 (“No person’s life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.”). In this case, the trial judge dismissed the charges before trial and consideration of the merits of the criminal case. Therefore, the charges can be refiled and a new indictment issued if prosecuted within the statute of limitations and in compliance with speedy-trial requirements.[4]
¶ 35. In conclusion, I would affirm the trial court’s grant of summary judgment in favor of Pioneer. As stated above, the indictment in this case guarded against a claim of malicious prosecution. The trial court dismissed the indictment pretrial, and the order of dismissal contains no language dismissing the indictment with prejudice. Further, the record reflects no withdrawal of the affidavit in support of the charges or the indictment by Pioneer or the affiant.
GRIFFIS, P.J., JOINS THIS OPINION IN PART.

. See generally Downtown Grill, Inc. v. Connell, 721 So.2d 1113, 1117-18 (¶ 13) (Miss. 1998); Williams v. State, 708 So.2d 1358, 1364 (¶ 27) (Miss.1998).

. “Abandonment of prosecution, withdrawal of affidavit, or nolle prosequi all constitute termination favorable to plaintiff and. will support malicious prosecution claim[.]“ Pulliam v. City of Horn Lake, Miss., 32 F.3d 565 n. 9 (5th Cir.1994) (citing Pugh, 367 So.2d at 938). See also Serfass v. United States, 420 U.S. 377, 391-92, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) (finding that a dismissal of an indictment fails to constitute an acquittal or an adjudication on the merits).

. See Childers v. Beaver Dam Plantation, Inc., 360 F.Supp. 331, 334 (N.D.Miss.1973) ("It is common knowledge among judges and members of the bar in Mississippi, that an order retiring a criminal case to the files merely suspends the prosecution, and that the case is subject to recall and prosecution at any time thereafter at the discretion of the court.”).