883 So.2d 1197 (2004)
Dwayne THOMAS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CA-00222-COA.
Court of Appeals of Mississippi.
October 5, 2004.
James L. Penley, Vicksburg, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., LEE, P.J., and GRIFFIS, J.
KING, C.J., for the Court.
¶ 1. Dwayne Thomas pled guilty in the Warren County Circuit Court to aggravated assault and attempted armed robbery. *1198 On count I, the aggravated assault charge, Thomas was sentenced to a term of eighteen years in the custody of the Mississippi Department of Corrections. On count II, attempted armed robbery, he was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections, with five years to serve and five years suspended during five years of post-release supervision. These sentences were to run consecutively.
¶ 2. On or about May 7, 2002, Thomas filed a motion for post-conviction collateral relief which was denied by the trial court. Thomas appeals the trial court's decision and raises the following issues which we cite verbatim:
I. Dwayne Thomas was denied his constitutional right to a speedy trial.
II. The conduct of counsel of record for Dwayne Thomas amounted to ineffective assistance of counsel.
III. The sentence imposed upon Dwayne Thomas was in violation of the statutes of this state.
IV. Dwayne Thomas' motion for post conviction relief is not procedurally barred by § 99-39-21 MCA.

FACTS
¶ 3. In January 1999, Thomas was indicted for aggravated assault and attempted armed robbery. On September 14, 1999, Thomas, represented by appointed counsel, entered guilty pleas to the charges. At the guilty plea hearing, the trial judge questioned Thomas to determine whether his pleas to the charges of aggravated assault and attempted armed robbery were intelligently, knowingly, and voluntarily made.
¶ 4. The record reflects that the trial court informed Thomas of the rights he would waive by pleading guilty. Among the rights discussed by the trial judge were: (1) the right to have a trial by jury, (2) the right to subpoena witnesses and cross-examine witnesses, (3) the right to testify or not testify in his own behalf, and (4) the right to appeal a conviction if he went to trial. Thomas acknowledged that he was waiving these rights.
¶ 5. The trial judge informed Thomas of the maximum and minimum penalties allowable for the charges. Thomas acknowledged that he understood these penalties. The trial judge also inquired as to whether Thomas was satisfied with his attorney's services, to which Thomas responded affirmatively.
¶ 6. After inquiry, the trial judge determined that Thomas' pleas were intelligently and voluntarily entered. The trial court accepted the guilty pleas and sentenced Thomas in accordance with the recommendation made by the State. Thomas was sentenced to a term of eighteen years on count I in the custody of the Mississippi Department of Corrections. On count II, Thomas was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections, with five years to serve and five years suspended for five years of post-release supervision. These sentences were to run consecutively. The court also ordered that Thomas be placed in drug and alcohol counseling and be given credit for time served.
¶ 7. On or about May 7, 2002, Thomas filed a motion for post-conviction collateral relief claiming: (1) that his sentence was invalid because he was a prior convicted felon, (2) that he received ineffective assistance of counsel, and (3) that he was denied his right to a speedy trial. On February 21, 2003, the trial court denied his request for relief.

STANDARD OF REVIEW
¶ 8. In reviewing a trial court's denial of post-conviction relief, this Court will not *1199 disturb the trial court's factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052 (¶ 4) (Miss.Ct.App.2000). Where questions of law are raised, the applicable standard of review is de novo. Id.

ISSUES AND ANALYSIS

I.

Whether Thomas was denied a right to a speedy trial.
¶ 9. Thomas claims that he was denied his right to a speedy trial. Thomas asserts that he was unable to present this issue to the trial court because his attorney failed to properly represent him. He maintains that he was kept in jail for nine months and had no opportunity to pursue possible leads which would have aided in his defense. Thomas was confined in jail on December 12, 1998 and entered his guilty pleas on September 14, 1999.
¶ 10. The entry of a guilty plea waives the issue of whether a defendant received a speedy trial. Ellis v. State, 773 So.2d 412 (¶ 5) (Miss.Ct.App.2000). In fact, Thomas signed a petition to enter a guilty plea wherein paragraph 6 informed the defendant of the constitutional rights available should he decide to plead not guilty. One of the rights listed is the right to a speedy and public trial by jury. This claim is without merit.

II.

Whether Thomas received effective assistance of counsel.
¶ 11. Thomas claims that he received ineffective assistance of counsel because his attorney had limited contact with him prior to the guilty plea hearing. He asserts that his attorney failed to communicate with him. Thomas maintains that there was no discussion of self-defense or other possible defenses to the charges. According to Thomas, he was given only one option, which was to plead guilty and accept the State's recommendation.
¶ 12. To establish a claim of ineffective assistance of counsel, Thomas must prove, under the totality of the circumstances, that (1) his attorney's performance was deficient and (2) the deficiency deprived the defendant of a fair trial. Jackson v. State, 815 So.2d 1196(¶ 8) (Miss.2002).
¶ 13. At the guilty plea hearing, the trial judge asked Thomas whether he was satisfied with the services of his attorney, to which Thomas indicated that he was satisfied with his attorney's representation. This Court notes that "[s]olemn declarations in open court carry a strong presumption of verity." Brasington v. State, 760 So.2d 18(¶ 32) (Miss.Ct.App. 1999). A trial court is entitled to place great weight upon a defendant's initial plea under oath. Templeton v. State, 725 So.2d 764(¶ 10) (Miss.1998). Thomas failed to place before the trial court evidence of such weight as to establish that his prior sworn statement of satisfaction with his attorney should be disregarded.
¶ 14. Thomas bears the responsibility of offering proof of facts to support his claim of ineffective assistance of counsel. Howard v. State, 785 So.2d 297(¶ 6) (Miss. Ct.App.2001). Thomas has failed to demonstrate that his attorney's performance was deficient to the extent that his defense was prejudiced. This Court finds this claim to be lacking in merit.

III.

Whether Thomas received a valid sentence.
¶ 15. Thomas was sentenced to a term of eighteen years on the aggravated assault charge and ten years, with five *1200 suspended and five years of post-release supervision on the attempted armed robbery charge. Thomas now claims that the sentence for the attempted armed robbery charge was in violation of Mississippi Code Annotated Section 47-7-33(1) (Rev.2000) which precludes probation for a convicted felon. Thomas alleges that because he was a prior convicted felon, no part of his sentence should have been suspended.
¶ 16. In the order denying post-conviction relief, the trial judge cited Gaston v. State, 817 So.2d 613(¶ 20) (Miss.Ct.App. 2002) and stated that Thomas was sentenced pursuant to Mississippi Code Annotated Section 47-7-34 (Rev.2000),[1] "an alternative to probation designed specifically for felons," which allows placement on post-release supervision. Clearly, the trial court did not intend to suspend any portion of Thomas' sentence. What the trial court intended, pursuant to 47-7-34, was to sentence Thomas to five years of actual confinement, and five years of post-release supervision.
¶ 17. This Court finds that this matter should be remanded to correct the sentencing order to clearly reflect Thomas' sentence, as stated in the order denying post-conviction relief.

IV.
Whether Thomas' motion for post-conviction relief is procedurally barred pursuant to Mississippi Code Annotated Section 99-39-21 (Rev.2000).
¶ 18. This issue is moot.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED IN PART, REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.
NOTES
[1] Mississippi Code Annotated Section 47-7-34 (Rev.2000) provides:

(1) When a court imposes a sentence upon a conviction for any felony committed after June 30, 1995, the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration. The period of supervision shall be established by the court.
(2) The period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish. Failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant to the correctional facility from which he was previously released. Procedures for termination and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.
(3) Post-release supervision programs shall be operated through the probation and parole unit of the Division of Community Corrections of the department. The maximum amount of time that the Mississippi Department of Corrections may supervise an offender on the post-release supervision program is five (5) years.