952 So.2d 1016 (2007)
Michael Wayne HOYT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00928-COA.
Court of Appeals of Mississippi.
March 20, 2007.
*1018 Michael Wayne Hoyt, appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before MYERS, P.J., IRVING, BARNES and CARLTON JJ.
CARLTON, J., for the Court.
¶ 1. This is an appeal from the decision of the Circuit Court of Lamar County summarily dismissing Michael Wayne Hoyt's motion for post-conviction relief. Finding no error, we affirm.

*1019 FACTS
¶ 2. On May 8, 2003, Hoyt was charged by criminal information for the offense of conspiracy to manufacture the controlled substance, methamphetamine, cause number 2003K-397E (2003K). On the same day, Hoyt signed a waiver of indictment, a petition to enter a plea of guilty, and, thereafter, entered a plea of guilty to the charge in the Circuit Court of Lamar County. The trial judge accepted the plea of guilty as valid and sentenced him to serve a term of fifteen years in the custody of the Mississippi Department of Corrections, with one year of participation in drug and alcohol treatment, and upon successful completion of the treatment program, one year of supervised house arrest, and upon the successful completion of house arrest, the remaining thirteen years to be suspended pending successful completion of a five-year period of post-release supervision.
¶ 3. In April 2006, Hoyt filed a pro se motion for post-conviction relief in the Circuit Court of Lamar County claiming that he received constitutionally ineffective assistance of counsel which rendered his plea involuntary. Specifically, he alleged that his attorney mistakenly told him that he was pleading guilty to cause number 2002K-500P (2002K), a separate charge of conspiracy to manufacture the controlled substance, methamphetamine, on which Hoyt had been indicted in 2001 but not yet been convicted. Hoyt claimed that at the time of his plea hearing for 2003K, the cause under which he pled guilty and was sentenced, he was under the impression that he was pleading guilty to 2002K.[1] He also claimed that his attorney coerced him to plead guilty.
¶ 4. On May 12, 2006, the Circuit Court of Lamar County summarily dismissed Hoyt's motion without an evidentiary hearing pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev.2000).
¶ 5. Hoyt filed a notice of appeal on May 23, 2006. He argues on appeal that the circuit court erred in dismissing his motion for post-conviction relief without holding an evidentiary hearing and that he received ineffective assistance of counsel which rendered his plea involuntary.

DISCUSSION
1. Standard of Review
¶ 6. "In reviewing a trial court's decision to deny a petition for post-conviction relief a court will not reverse such a denial absent a finding that the trial court's decision was clearly erroneous." Kirksey v. State, 728 So.2d 565, 567(8) (Miss.1999). However, where questions of law are raised the applicable standard of review is de novo. Brown v. State, 731 So.2d 595, 598(6) (Miss.1999).
2. Involuntary Plea
¶ 7. For a guilty plea to be valid it must be made "voluntarily and intelligently." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). "A plea is deemed `voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Id. (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). Specifically, a defendant must be advised of the maximum and minimum sentences that may be imposed and "that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, *1020 and the right to protection against self incrimination." Id. (citation omitted).
¶ 8. The record does not support Hoyt's claim that his guilty plea was involuntary. "Great weight is given to statements made under oath and in open court during sentencing." Gable v. State, 748 So.2d 703, 706(11) (Miss.1999) (citing Young v. State, 731 So.2d 1120, 1123(12) (Miss.1999)). A review of the record reveals prior sworn statements made by Hoyt which directly contradict the claims he now advances.
¶ 9. Hoyt claims that his plea was not voluntary because his attorney mistakenly represented to him that he was pleading guilty to 2002K instead of 2003K, and that, as a result, he was under the impression that he was pleading guilty to 2002K. Hoyt claims that he is innocent of 2003K and wanted a jury trial. This assertion is without merit. The record contains prior sworn statements made by Hoyt which directly contradict his argument. Hoyt signed a waiver of indictment to 2003K, in which the cause number was clearly contained in the heading. The waiver plainly stated the charge, conspiracy to manufacture the controlled substance, methamphetamine. It also contained the date on which the crime was alleged to have been committed. Hoyt also signed a petition to enter a plea of guilty which contained the cause number 2003K in its heading. He acknowledged in his petition to plead guilty to 2003K that the State had agreed to nolle prosse 2002K. The transcript of the plea hearing reflects that the trial judge, prosecution, and defense attorney took notice of the agreement at the plea hearing.
¶ 10. Hoyt argues, for the first time on appeal, that his attorney mistakenly advised him that if he pled guilty, he would only receive house arrest. Hoyt contends that he relied on this advice when he entered his plea, therefore rendering his plea involuntary. This claim is also without merit as it is refuted by sworn statements in the record. We first note that Hoyt did in fact receive house arrest which he subsequently violated.[2] Additionally, Hoyt signed a petition to enter a plea of guilty in which he represented "I understand and recognize that if I have been told by my lawyer that I might receive probation or a light sentence, this is merely his prediction and is not binding on the court." He also stated in the petition that "no one has predicted or estimated how much time if any, of any sentence received I must serve before I become eligible for any type of release." Hoyt's sworn petition also correctly stated that the maximum sentence was twenty years. The transcript of the plea hearing reflects that when asked by the trial judge what the maximum penalty in his case was, Hoyt answered "twenty years."
¶ 11. Hoyt claims next that his guilty plea was not voluntary because he was allegedly coerced by his attorney with threats to sign the waiver of indictment and the petition to plead guilty, and to enter his plea of guilty. While Hoyt himself provides no explanation as to the nature of the alleged threats in his original motion or in his appellate brief, he did attach the affidavits of his mother and niece to his motion for post-conviction relief. The affidavits of Hoyt's mother and niece each represent that the respective affiant was present at a meeting on the day of Hoyt's plea hearing, that Hoyt's attorney cursed and told him he better plead guilty or he would get fifty to eighty *1021 years in jail, that Hoyt's attorney told him he better sign the waiver of indictment and petition to plead guilty and when he went before the judge he had better plead guilty because he would be in jail for the rest of his life, and that Hoyt was confused and scared so he signed the papers without having time to read them.
¶ 12. Hoyt's claim of coercion is also belied by evidence in the record. In his petition to enter a plea of guilty, Hoyt acknowledged that he was satisfied with the advice and help of his attorney and that he was entering his plea freely and voluntarily. The transcript of the plea hearing reflects that Hoyt represented to the court that no one had mistreated, pressured or threatened him to induce his plea of guilty and that he was satisfied with what his attorney had done for him. Hoyt assured the trial judge that it was his decision to plead guilty and that he freely and voluntarily entered it.
¶ 13. After a review of the record, we find that the trial judge took every precaution to ensure that Hoyt understood the nature of the charge against him and the effect of his guilty plea. There is ample evidence in the transcript of the plea hearing, waiver of indictment and petition to plead guilty to support the trial judge's finding that Hoyt's plea was voluntarily entered.
3. Ineffective Assistance
¶ 14. To prove a claim of ineffective assistance, Hoyt must show (1) that his defense counsel's performance was deficient, and (2) that the deficient performance was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Swington v. State, 742 So.2d 1106, 1114(22) (Miss.1999). The defendant bears the burden of proving both prongs of Strickland and faces a rebuttable presumption "that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic." Edwards v. State, 615 So.2d 590, 596 (Miss. 1993) (citing Leatherwood v. State, 473 So.2d 964, 969 (Miss.1985)). "The determination of whether counsel's performance was both deficient and prejudicial must be determined from the `totality of the circumstances.'" Cole v. State, 666 So.2d 767, 775 (Miss.1995) (citation omitted). The two-part test set forth in Strickland "applies to challenges to guilty pleas based on ineffective assistance of counsel." Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990) (citations omitted).
¶ 15. "To merit an evidentiary hearing on the issue of ineffective assistance of counsel, a defendant's allegations of counsel's performance must raise `sufficient questions of fact on the issue of ineffective assistance of counsel.'" Bell v. State, 754 So.2d 492, 495(7) (Miss.Ct.App. 1999) (quoting Walker v. State, 703 So.2d 266, 268(10) (Miss.1997)).
¶ 16. The only ground offered by Hoyt for deficiency in his motion for post-conviction relief was that his attorney incorrectly informed him that he would be pleading guilty to 2002K instead of 2003K. On appeal, he adds the assertion that his attorney told him that he would only get house arrest if he pled guilty.
¶ 17. Evaluating Hoyt's claim under the totality of the circumstances, we find that he has failed to show errors unprofessional enough to constitute a deficiency. As already discussed, Hoyt's claims of ineffective assistance are clearly contradicted by his previous sworn statements at the plea hearing, in his plea petition and in his waiver of indictment. More importantly, we find that, under the direction and advise of his attorney, Hoyt ultimately received a sentence of fifteen years in the *1022 face of a possible forty-year sentence.[3] The circuit court did not err in finding that Hoyt failed to show a deficiency in his attorney's performance.
¶ 18. Assuming arguendo that Hoyt could prove a deficiency in counsel's performance, he must still meet the second prong of Strickland, by proving that but for his attorney's deficient performance there is a "reasonable probability" that the outcome of his case would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In light of the fact that the record directly contradicts Hoyt's claims of alleged mistaken advice, we find that Hoyt has failed to offer evidence to suggest that a reasonable probability exists that the outcome of his case would have been different.
¶ 19. Our review of the record reveals that Hoyt's claim of ineffective assistance is directly contradicted in the record by his own sworn statements. We find, as did the trial court, that Hoyt has failed to show a deficiency in his attorney's performance. "A post-conviction claim of ineffective assistance of counsel is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit." Robertson v. State, 669 So.2d 11, 13 (Miss.1996) (citing Sanders v. State, 440 So.2d 278, 284 (Miss.1983)). Therefore, we hold that Hoyt has failed to substantially show that he was denied the effective assistance of counsel and the circuit court properly dismissed his motion for post-conviction relief without an evidentiary hearing.
4. Evidentiary Hearing
¶ 20. Hoyt contends that the trial court erred in dismissing his motion without holding an evidentiary hearing. He argues that by attaching the affidavits of his mother and niece to his motion for post-conviction relief he has raised a claim sufficient to entitle him to an evidentiary hearing on the issue of the voluntariness of his plea.
¶ 21. A trial judge may dismiss a motion for post-conviction relief without conducting an evidentiary hearing "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss.Code Ann. § 99-39-11(2). On appeal, a defendant is entitled to an in-court opportunity to present his case if he "presents a claim procedurally alive `substantially showing denial of a state or federal right.'" Myers v. State, 583 So.2d 174, 176 (Miss.1991) (quoting Miss.Code Ann. § 99-39-27(5)).
¶ 22. The trial judge's decision to dismiss Hoyt's motion without an evidentiary hearing was clearly within his discretion. Both this Court and our supreme court have held, "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required." Sandifer v. State, 799 So.2d 914, 917(8) (Miss.Ct.App.2001) (citing Young, 731 So.2d at 1122-23(10)). As discussed supra, Hoyt's two claims of mistaken advice are directly contradicted by his previous sworn statements as contained in the record. The affidavits of Hoyt's mother and niece only support his claim as it relates to coercion and offer no substantiation to his two assertions of mistaken advice. *1023 Under our jurisprudence it is clear, "that when the only support offered by a convict is his own affidavit, and his affidavit is contradicted by his own sworn statement, an evidentiary hearing is not required." Young v. State, 731 So.2d at 1123(12) (citations omitted). Accordingly, the trial court properly dismissed these claims without an evidentiary hearing. Furthermore, on the topic of mistaken advice, this Court and our supreme court have held that when the record shows that the trial judge thoroughly questioned the defendant and explained his constitutional rights and the consequences of his guilty plea, the plea is deemed voluntary notwithstanding advice provided by counsel. See Roland v. State, 666 So.2d 747, 750 (Miss. 1995) (trial counsel's failure to advise defendant of rights); Houston v. State, 461 So.2d 720, 723 (Miss.1984) (defendant's expectation of more lenient sentence rebutted by plea hearing transcript); Richardson v. State, 769 So.2d 230, 234(7) (Miss. Ct.App.2000) (attorney's mistaken advise of more lenient sentence rebutted by transcript of plea hearing). Therefore, we find that the trial court did not err in dismissing Hoyt's claims relating to mistaken advice without an evidentiary hearing.
¶ 23. Our supreme court has also held supporting affidavits to be a "sham" when belied by the record. See Kirksey, 728 So.2d at 568(12) (no evidentiary hearing required where the affidavits of defendant and his wife were directly contradicted by the defendant's sworn testimony during the plea hearing). A motion for post-conviction relief is properly dismissed without an evidentiary hearing where the defendant's claims are directly contradicted by the transcript of the guilty plea hearing. See Harveston v. State, 597 So.2d 641, 643 (Miss.1992); Houston, 461 So.2d at 722-24; Martin v. State, 749 So.2d 375, 378(9) (Miss.Ct.App.1999). The only evidence Hoyt offered to prove that he was coerced by his attorney are the affidavits of his mother and niece. However, as stated previously, these claims are clearly contradicted by Hoyt's sworn statements in the transcript of the plea hearing, the waiver of indictment, and the petition to plead guilty. Accordingly, we find that the trial court properly dismissed Hoyt's claims of coercion without an evidentiary hearing.
¶ 24. After reviewing the record, we find that each of the claims advanced by Hoyt are directly refuted by his own previous sworn statements and, thus, are without merit. We conclude that Hoyt has failed to make a substantial showing of the denial of a state or federal right and the trial court did not err in dismissing his motion for post-conviction relief without an evidentiary hearing.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, AND ISHEE, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.
NOTES
[1] The record reflects in Hoyt's petition to enter a plea of guilty and the transcript of his plea hearing to 2003K, that there was a plea bargain agreement under which the State agreed to nolle prosequi 2002K in return for Hoyt's plea of guilty to 2003K.
[2] Hoyt stated in his brief that he "violat[ed] probation(I.S.P.)." It was after this violation that he filed his motion for post-conviction relief.
[3] Hoyt was charged with two separate crimes of conspiracy to manufacture the controlled substance, methamphetamine, each carrying a maximum sentence of twenty years.