*263
 
 KING, C.J.,
 

 for the Court.
 

 ¶ 1. Antonio Moore filed a petition for post-conviction relief in June 2003, which the trial court denied in August 2003. Four years later, Moore filed a motion for an out-of-time appeal, which the trial court granted. Moore appeals to this Court, raising three issues:
 

 I. Whether Moore’s indictment was presented to the grand jury;
 

 II. Whether Moore received ineffective assistance of counsel; and
 

 III. Whether Moore was entitled to receive a copy of his trial transcript.
 

 We find that the trial court lacked authority to grant Moore’s motion for an out-of-time appeal, and we decline to allow Moore to proceed with this appeal. Therefore, we hereby dismiss Moore’s appeal.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶2. On November 7, 2000, Moore was indicted for two counts of the sale of cocaine. On February 27, 2002, Moore was convicted of Count I, sale of cocaine, and sentenced to serve ten years in the custody of the Mississippi Department of Corrections (MDOC) and ordered to pay a $5,000 fine. Moore was also convicted of Count II, sale of cocaine, and sentenced to serve ten years in the custody of the MDOC, with the sentence to run consecutively to the sentence imposed in Count I, and he was ordered to pay a $5,000 fine.
 

 ¶ 3. On May 9, 2001, Moore was indicted for possession of cocaine. On December 5, 2002, Moore pled guilty to this charge, and he was sentenced to serve three years in the custody of the MDOC, with this sentence to run consecutively to his previously imposed sentences.
 

 ¶4. On June 19, 2003, Moore filed one petition for post-conviction relief in which he attacked both his February 2002 conviction and his December 2002 guilty plea. In his petition for post-conviction relief, Moore argued that: all three of the charges against him should have been combined into one trial; the trial court should have given him one sentence; and defense counsel failed to request that Moore receive concurrent sentences. On August 26, 2003, the trial court found that Moore’s petition for post-conviction relief was without merit and dismissed the petition.
 

 ¶ 5. Four years later, on September 10, 2007, Moore filed a motion for an out-of-time appeal, which the trial court granted. Now, Moore raises three issues before this Court; two of which Moore failed to raise before the trial court: (1) whether Moore’s indictment was presented to the grand jury; (2) whether Moore received ineffective assistance of counsel; and (3) whether Moore was entitled to receive a copy of his trial transcript.
 

 ANALYSIS
 

 ¶ 6. The timeliness of Moore’s out-of-time notice of appeal was not raised by either party. However, as a preliminary matter, we must first address whether the trial court erred by granting Moore’s request for an out-of-time appeal.
 

 ¶ 7. Mississippi Rule of Appellate Procedure 4(a) provides that an appeal shall be filed within thirty days of the date of entry of the judgment being appealed from. Rule 4(h) gives the trial court the authority to re-open the time for an appeal in the event that a party did not receive notice of the entry of judgment. M.R.A.P. 4(h). However, “[o]ur appellate courts have opined that a trial judge probably does not have the authority to grant an out-of-time appeal later than 180 days after the entry of judgment.”
 
 Parker v. State,
 
 921 So.2d 397, 399(5) (Miss.Ct.App.2006) (citing
 
 *264
 

 McGruder v. State,
 
 886 So.2d 1, 2(4) (Miss.2003)).
 

 ¶ 8. The trial court dismissed Moore’s petition for post-conviction relief on August 26, 2003, and Moore failed to appeal this judgment within thirty days. Four years later, Moore requested that the trial court grant him an out-of-time appeal. Moore did not contend that he failed to receive notice of the entry of judgment. However, the trial court granted Moore’s request. We find that the trial court lacked the authority to grant Moore’s request for an out-of-time appeal because Moore’s request was filed more than 180 days after the dismissal of his petition for post-conviction relief. Now, we must determine if this Court should allow Moore to proceed with his out-of-time appeal.
 

 ¶ 9. Mississippi Rule of Appellate Procedure 2(c) allows this Court to suspend the thirty-day requirement of Rule 4(a) for good cause shown.
 
 See McGruder,
 
 886 So.2d at 2(4);
 
 see also Jefferson v. State,
 
 958 So.2d 1276, 1278(6) (Miss.Ct.App.2007) (granting the defendant’s out-of-time appeal based on evidence that the trial court imposed an illegal sentence). This Court has held that “the appellate courts do have the authority to grant a criminal defendant such an appeal if failure to perfect the appeal was ‘through no fault of his own’ and if ‘justice demands.’ ”
 
 Parker,
 
 921 So.2d at 399(5) (quoting
 
 McGruder,
 
 886 So.2d at 2(4)).
 

 ¶ 10. In this case, Moore simply fails to demonstrate any reason why this Court should suspend the thirty-day requirement of Rule 4(a) and grant him an out-of-time appeal. Based on our review of the record, we cannot find any evidence that would compel this Court to grant Moore an out-of-time appeal in the interest of justice.
 

 ¶ 11. Mississippi Rule of Appellate Procedure 2(a)(1) requires that this Court shall dismiss an appeal when that appeal was not filed timely pursuant to Rule 4. Since Moore’s appeal was not filed timely and because we cannot find any reason to allow Moore to proceed with an out-of-time appeal, we hereby dismiss Moore’s appeal.
 

 CONCLUSION
 

 ¶ 12. We find that the trial court lacked the authority to grant Moore’s motion for an out-of-time appeal because Moore’s request was filed more than 180 days after the dismissal of his petition for post-conviction relief. Furthermore, we cannot find any reason why this Court should allow Moore to proceed with his out-of-time appeal. Therefore, we hereby dismiss Moore’s appeal.
 

 ¶ 13. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ, CONCUR. MAXWELL, J., NOT PARTICIPATING.