RUSSELL, J„
for the Court:
¶ 1. Tytus Williams appeals the Hinds County Circuit Court’s order denying his motion for post-conviction relief (PCR). Williams raises three issues for review, which we restate for clarity: (1) whether the circuit court erred in denying his PCR motion without an evidentiary hearing; (2) whether the circuit court erred in denying his PCR motion without informing him of the minimum sentence for manslaughter; and (3) whether he received ineffective assistance of counsel. Finding no reversible error, we affirm the circuit court’s denial of Williams’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶2. Williams was indicted for capital murder and waived indictment for armed robbery. He pleaded guilty to a reduced charge of manslaughter and armed robbery. On March 13, 2007, Williams received a twenty-year sentence for the manslaughter conviction and a twenty-year sentence for the armed-robbery conviction, *1018 with the sentences running concurrently. On August 27, 2009, Williams filed his PCR motion, asserting that his attorney: (1)pressured him to plead guilty to both charges; (2) misled him into thinking he was pleading guilty to aiding and abetting, with a five-year sentence, instead of pleading guilty to manslaughter; and (3) failed to inform him that by pleading guilty to armed robbery, he was waiving an indictment by a grand jury. Without a hearing, on October 27, 2009, the circuit court entered an order denying Williams’s PCR motion. On September 18, 2010, Williams filed a motion for an out-of-time appeal. On March 4, 2011, Williams filed a notice of appeal.
DISCUSSION
¶ 3. This Court “will not disturb a [trial] court’s denial of a [PCR motion] unless it is clearly erroneous.” Johnson v. State, 80 So.3d 136, 138 (¶ 5) (Miss.2012) (citing Owens v. State, 17 So.3d 628, 632 (¶ 7) (Miss.Ct.App.2009)). “However, when questions of law are raised, the standard of review is de novo.” Id.
¶ 4. Although the timeliness of Williams’s motion for an out-of-time appeal was not raised by either party, we must address this issue on our own initiative. “Mississippi Rule of Appellate Procedure 4(a) provides that an appeal shall be filed within thirty days of the date of entry of the judgement being appealed from.” Moore v. State, 8 So.3d 262, 263 (¶ 7) (Miss.Ct.App.2009). “Rule 4(h) gives the trial court the authority to re-open the time for an appeal in the event that a party did not receive notice of the entry of judgment.” Id. (citing M.R.A.P. 4(h)). However, a circuit court does not have the authority to grant an out-of-time appeal later than 180 days after the entry of judgment. Id. at 264 (¶ 12).
¶5. The circuit court denied Williams’s PCR motion on October 27, 2009, and Williams failed to appeal this judgment within thirty days. On September 13, 2010, Williams filed a motion for an out-of-time appeal on the ground that he did not receive a copy of the order denying his PCR motion. The State did not oppose, and the circuit court granted Williams’s motion for an out-of-time appeal. We find that the circuit court lacked the authority to grant Williams’s motion for an out-of-time appeal because Williams’s motion was filed more than 180 days after the denial of his PCR motion. However, “Mississippi Rule of Appellate Procedure 2(c) allows this Court to suspend the thirty-day requirement of Rule 4(a) for good cause shown.” Id. at (¶ 9); see McGruder v. State, 886 So.2d 1, 2 (¶ 4) (Miss.2003); Jefferson v. State, 958 So.2d 1276, 1278 (¶ 6) (Miss.Ct.App.2007). “Post-conviction relief proceedings are governed by the rules controlling criminal appeals.” Miss.Code Ann. § 99-39-25(1) (Supp.2011); Williams v. State, 456 So.2d 1042, 1043 (Miss.1984). “This Court has held that ‘the appellate courts do have the authority to grant a criminal defendant such an appeal if failure to perfect the appeal was “through no fault of his own” and if “justice demands.” ’ ” Id. (quoting Parker v. State, 921 So.2d 397, 399 (¶ 5) (Miss.Ct.App.2006)). Because Williams did not receive a copy of the order denying his PCR motion through no fault of his own, we suspend the Rule 4(a) requirements in the interest of justice.
I. Whether the circuit court erred in denying Williams’s PCR motion without an evidentiary hearing.
¶ 6. Williams argues that the circuit court erred in denying his PCR motion without holding an evidentiary hearing. He further argues that by attaching the affidavit of his father, Garvin Williams, to *1019 his PCR motion, he raised a claim sufficient to entitle him to a hearing. We disagree.
¶7. “A trial court enjoys wide discretion in determining whether to grant an evidentiary hearing.” Williams v. State, 4 So.3d 388, 392 (¶ 11) (Miss.Ct.App.2009) (citing Hebert v. State, 864 So.2d 1041, 1045 (¶ 11) (Miss.Ct.App.2004)). “Not every motion for post-conviction relief ... must be afforded a full adversarial hearing.” Hebert v. State, 864 So.2d 1041, 1045 (¶ 11) (Miss.Ct.App.2004) (citing Jones v. State, 795 So.2d 589, 590 (If 3) (Miss.Ct.App.2001)). If the factual basis for relief is established solely by uncorroborated assertions of the movant and those assertions are contradicted by the face of the record, the court may dismiss the motion without a hearing. Young v. State, 731 So.2d 1120, 1123 (¶ 12) (Miss.1999) (citing Marshall v. State, 680 So.2d 794, 795 (Miss.1996)). “This is not to say that an evidentiary hearing is to be ordered every time there are contradictory affidavits.” Wright v. State, 577 So.2d 387, 390 (Miss.1991).
¶8. In Hoyt v. State, 952 So.2d 1016, 1022 (1120) (Miss.Ct.App.2007), Hoyt argued that by attaching the affidavits of his mother and niece to his PCR motion, he raised a claim sufficient to entitle him to an evidentiary hearing. Both this Court and our supreme court have held that “where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the af-fiant to the contrary[,] to the extent that the court can conclude that the affidavit is a sham[,] no hearing is required.” Id. at 1022 (¶ 22) (quoting Sandifer v. State, 799 So.2d 914, 917 (¶8) (Miss.Ct.App.2001)). Our supreme court has explicitly held supporting affidavits to be a “sham” when belied by the record. Id. at 1023 (¶23); see also Kirksey v. State, 728 So.2d 565, 568 (¶ 12) (Miss.1999) (holding no eviden-tiary hearing was required where the affidavits of the defendant and his wife were directly contradicted by the defendant’s sworn testimony during the plea hearing). This Court found that Hoyt’s claims were contradicted by his previously sworn statements in the record. Hoyt, 952 So.2d at 1023 (¶ 22). Although Hoyt provided affidavits of his mother and niece, the affidavits only supported his claim and offered no substantiation for his assertions. Id. at 1022 (¶22). Therefore, we held that the circuit court properly dismissed Hoyt’s claims without an evidentiary hearing. Id. at 1023 (¶ 23).
¶ 9. Similarly, Williams argues that by attaching the affidavit of his father to his PCR motion, he raised a claim sufficient to entitle him to an evidentiary hearing. Like Hoyt, Williams’s claims were contradicted by his previously sworn statements in the record. Williams claimed that his attorney: (1) pressured him to plead guilty to both charges; (2) misled him into thinking he was pleading guilty to aiding and abetting with a five-year sentence instead of pleading guilty to manslaughter; and (3) failed to inform him that by pleading guilty to armed robbery, he was waiving an indictment by a grand jury. But at his plea hearing, Williams acknowledged that he was entering a plea of guilty to manslaughter and to armed robbery. He acknowledged the maximum and recommended sentences for manslaughter as well as the maximum, minimum, and recommended sentences for armed robbery. Williams further acknowledged that by pleading guilty, he was waiving an indictment by a grand jury. When asked if he was satisfied with the services of his attorney, he answered affirmatively. Finally, Williams acknowledged that no one had threatened or coerced him, used force or threats of *1020 force, or made any promises to get him to plead guilty. While Williams attached an affidavit to his PCR motion, like the mov-ants in Hoyt and Kirksey, his father’s affidavit merely provided support but offered no substantiation for Williams’s assertions. The affidavit merely repeated Williams’s assertions in his PCR motion, which were contradicted by his statements in the record. For these reasons, this issue is without merit.
II. Whether the circuit court erred in denying Williams’s PCR motion without informing him of the minimum sentence for manslaughter.
¶ 10. Williams argues that the circuit court erred in denying his PCR motion without informing him of the minimum sentence for manslaughter. We disagree.
¶ 11. “Automatic invalidation of a guilty plea where the defendant was not informed of the minimum penalty is no longer the rule in Mississippi.” Garner v. State, 928 So.2d 911, 914 (117) (Miss.Ct.App.2006) (citing Ashby v. State, 695 So.2d 589, 591 (Miss.1997)). In Garner, 928 So.2d at 913-14 (¶ 6), Garner argued that his guilty plea should have been vacated because he was not advised of the . minimum sentence for his crime, and that if he had been aware, he would not have pleaded guilty. This Court held: “[T]o reverse on this issue, Garner must show that he was misled, that the case was misrepresented to him, or that he expected to receive a lesser sentence.” Id. at 914 (¶ 7) (citing Ashby, 695 So.2d at 593). But the record indicated that Garner clearly understood that the State would recommend a sentence of twenty years, and the trial judge could sentence him to a term “reasonably less than life.” Id. at (¶ 8). Therefore, this Court held that any error in failing to advise Garner of the minimum sentence was harmless. Id.
¶ 12. Similarly, the record reflects that Williams acknowledged the maximum twenty-year sentence for manslaughter, the minimum and maximum sentences for armed robbery, and the twenty-year recommended sentences by the State. While Williams may have hoped for an opportunity to plead guilty to aiding and abetting, the record does not provide any basis for any such expectation. Instead, the record reflects that Williams admitted that he was guilty of murder and armed robbery. Thus, any error in failing to advise Williams of the minimum sentence for manslaughter was harmless.
III. Whether Williams received ineffective assistance of counsel.
¶ 13. Williams argues that he received ineffective assistance of counsel because his attorney allegedly: (1) pressured him to plead guilty to both charges; (2) misled him into thinking he was pleading guilty to aiding and abetting, with a five-year sentence, rather than manslaughter; and (3) did not inform him that by pleading guilty to armed robbery, he was waiving an indictment by a grand jury. We disagree.
¶ 14. To establish a claim of ineffective assistance of counsel, Williams must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our supreme court in Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). He “must prove, under the totality of the circumstances, (1) that his counsel’s performance was deficient, and (2) that this deficiency deprived him of a fair trial.” Thomas v. State, 883 So.2d 1197, 1199 (¶ 12) (Miss.Ct.App.2004) (citing Jackson v. State, 815 So.2d 1196, 1200 (¶ 8) (Miss.2002)). Because Williams challenges his *1021 guilty plea, he must prove that, but for the ineffective assistance of counsel, he would not have pleaded guilty and insisted on a trial. Pleas v. State, 766 So.2d 41, 43 (¶ 7) (Miss.Ct.App.2000) (citing Bell v. State, 751 So.2d 1035, 1038 (¶ 14) (Miss.1999)).
¶ 15. Williams testified under oath at his plea hearing that he was satisfied with the services provided by his attorney. We note that “solemn declarations in open court carry a strong presumption of verity.” Thomas, 883 So.2d at 1199 (¶ 13) (quoting Brasington v. State, 760 So.2d 18, 24 (¶ 32) (Miss.Ct.App.1999)). Further “[a] trial court is entitled to place great weight upon a defendant’s initial plea under oath.” Id. (citing Templeton v. State, 725 So.2d 764, 767 (¶ 10) (Miss.1998)). Williams failed to present any evidence to support his claim that his prior sworn statements regarding his satisfaction with his attorney should be disregarded. See id. (holding that the defendant “failed to place before the trial court evidence of such weight as to establish that his prior sworn statement of satisfaction with his attorney should be disregarded”). Therefore, this claim is without merit.
CONCLUSION
¶ 16. Because the claims in Williams’s PCR motion are contradicted by the record and because his father’s affidavit does not offer substantiation for Williams’s assertions, we find no merit to Williams’s claim that the circuit court erred in denying his PCR motion without an evidentiary hearing. We also find the circuit court’s failure to inform Williams of the minimum sentence for manslaughter was harmless error. Finally, Williams’s claim of ineffective assistance of counsel is without merit, as Williams admitted under oath that he was satisfied with the services of his attorney. Therefore, we affirm the circuit court’s judgment.
¶ 17. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.