# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00648-COA

**JAMES HENRY BYNUM A/K/A JAMES BYNUM**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2019 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/24/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.    On March 6, 2008, a Rankin County grand jury indicted James Bynum of six counts of sexual battery in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2007), and six counts of gratification of lust in violation of Mississippi Code Annotated section 97-5-23(1) (Rev. 2007).  Bynum's attorney, J. Edward Rainer, filed a motion for a mental examination, asserting his belief that Bynum was "not now sane nor mentally competent to stand trial."  The circuit court granted the motion, ordering a psychiatric examination of Bynum.

¶2.    W. Criss Lott, Ph.D., a forensic clinical psychologist, conducted the examination and submitted his report to the court on September 19, 2008.  In the report, Lott determined that

Bynum had an average IQ and opined that "to a reasonable degree of psychological certainty, [Bynum] . . . ha[d] the sufficient present ability to confer with his attorney with a reasonable degree of rational understanding, and . . . ha[d] a rational and factual understanding of the nature and object of the legal proceedings against him." Lott found that "Bynum understood the charges against him and the possible penalty if convicted" and had "a good understanding of the plea process." Lott also noted Bynum "reported that he did not think that he would have any difficulty assisting his attorneys in the preparation of his defense."

¶3. Against defense counsel's advice to go to trial, Bynum accepted the State's plea bargain and entered a guilty plea on September 24, 2008, to two counts of sexual battery. The circuit court sentenced him to serve twenty years in the custody of the Mississippi Department of Corrections for each count, with the sentences set to run concurrently.[1]

¶4. On November 19, 2018, Bynum filed the instant motion for post-conviction relief (PCR), asserting that his trial counsel rendered ineffective assistance, and his claims of constitutional violations excepted his motion from any procedural bars.[2] A hearing was held

___

[1] The remaining counts were nolle prosequied. The circuit court also ordered Bynum to pay court costs, fees, and a $1,000 fine, as well as register as a sex offender upon release from custody.

[2] On February 13, 2017, Garry Moore, an "inmate legal specialist," filed a PCR motion on Bynum's behalf, alleging the denial of the right to a speedy trial and ineffective assistance of counsel. The circuit court dismissed the motion as time-barred. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015). A notice of appeal was filed. Prior to a ruling on that appeal, Bynum hired counsel and filed a motion to strike or, in the alternative, a request to file a successive PCR motion, alleging Moore had forged his signature on pleadings in the trial court and this Court. After a hearing, the circuit court granted the motion to strike all pleadings and allowed Bynum to file a new PCR motion, which would not be considered

on March 21, 2019. Bynum's daughter testified that when she had visited him in prison, he was crying and did not seem to be able to make decisions. She also noted he had been placed on suicide watch. She asserted that he was not competent to make a rational decision to enter a guilty plea. A chaplain who knew Bynum and had visited him in jail also testified that Bynum was very "disturbed" and "upset." The chaplain did acknowledge that he was "not qualified" to say whether Bynum was in his right mind.

¶5.     Dr. Mark Webb was admitted as an expert in forensic psychiatry. Dr. Webb had recently interviewed Bynum in 2018 and opined that regardless of Bynum's IQ, "he was not exhibiting enough mental processes, intellectual processes to understand what he was testifying to or pleading to."

¶6.     Testifying about his 2008 report, Dr. Lott recalled Bynum was "tearful" and "distressed," but he also noted that Bynum was "a very polite, cooperative individual who answered all of [his] questions in a rational and coherent manner throughout the evaluation."

¶7.     J. Edward Rainer, Bynum's trial attorney, testified that before filing the motion for the mental examination, he talked with several of Bynum's friends and family, who told him that Bynum had experienced "mental issues . . . for approximately [twenty-five] years." Yet Rainer opined that Bynum "was competent."

¶8.     On March 26, 2019, the circuit court entered two orders: one finding Bynum was

---

successive. On this Court's own motion, the appeal was dismissed as moot on December 10, 2018.

competent to enter his guilty plea in 2008, and one denying Bynum's PCR motion. Bynum appeals. Finding no error, we affirm.

## STANDARD OF REVIEW

¶9. When reviewing a circuit court's "denial of a PCR motion, [we] will only disturb the [circuit] court's factual findings if they are clearly erroneous." *Kennedy v. State*, 179 So. 3d 82, 83 (¶5) (Miss. Ct. App. 2015) (citing *Doss v. State*, 19 So. 3d 690, 694 (¶5) (Miss. 2009)). "Matters of law, however, are reviewed de novo." *Id*.

## DISCUSSION

### I.     Whether Bynum's trial counsel rendered ineffective assistance.

¶10. Bynum claims that trial counsel was ineffective for not challenging Bynum's mental competency. Although he acknowledges that Rainer filed a motion for a mental examination, which the circuit court granted, Bynum asserts that "according to the clerk's records, there was never an examination of [his] competency." Thus, because he "has raised credible claims of violations of his constitutional rights to effective assistance of counsel, due process and a fair trial," Bynum claims his PCR motion is not procedurally barred.

¶11. "Under 'extraordinary circumstances,' ineffective assistance of counsel can constitute an exception to the statutory time-bar" of the Uniform Post-Conviction Collateral Relief Act.[3] *Morales v. State*, 291 So. 3d 363, 369 (¶¶24) (Miss. Ct. App. 2019) (quoting *Brown v. State*, 187 So. 3d 667, 670-71 (¶7) (Miss. Ct. App. 2016)). However, "merely raising a

---

[3] *See* Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2015).

4

claim of ineffective assistance of counsel is not enough by itself to overcome the procedural bar." *Salter v. State*, 184 So. 3d 944, 950 (¶19) (Miss. Ct. App. 2015).

¶12.    The record belies Bynum's claim there was no competency examination.  The circuit court's order granting the motion for a mental examination stated that the psychologist was to assess Bynum's capability to understand the charges against him, to understand the court proceedings, and to assist counsel in his defense.  Lott complied with the court's direction, conducting a thorough mental examination of Bynum in September 2008 and concluding that Bynum "appear[ed] capable of proceeding with his case."  Further, at the PCR motion hearing, Rainer testified:

> Well, I went to the extent through his family of recommending a doctor, a psychologist to examine him for competence, and that was done.[4]  I talked with many members of his family.  I have notes from talking with preachers and other people that were friends of his.

Therefore, we find no merit to Bynum's claim that his defense counsel failed to investigate Bynum's mental health and rendered ineffective assistance of counsel.

## II.    Whether the circuit court erred by not conducting a competency hearing.

¶13.    Bynum also contends that the circuit court was "on notice regarding his mental issues" and erred by not making an on-the-record determination as to his competency. When Bynum entered his guilty plea, Uniform Rule of Circuit and County Court Practice 9.06[5] addressed

---

[4] Rainer had recommended Lott to administer the examination.

[5] This rule has been replaced by Mississippi Rule of Criminal Procedure 12.2, which became effective July 1, 2017.  For purposes of this case, the prior rule applies.  *See Thomas*

a defendant's competency to stand trial and provided in part:

> If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination . . . .

> After the examination the court shall conduct a hearing to determine if the defendant is competent to stand trial. After hearing all the evidence, the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial. If the court finds that the defendant is competent to stand trial, then the court shall make the finding a matter of record and the case will then proceed to trial. If the court finds that the defendant is incompetent to stand trial, then the court shall commit the defendant to the Mississippi State Hospital or other appropriate mental health facility.

"Though geared towards competency to stand trial, Rule 9.06 may be applied to a defendant's entry of a guilty plea." *Smith v. State*, 831 So. 2d 590, 593 (¶11) (Miss. Ct. App. 2002).

¶14. After Bynum's 2008 conviction, the Mississippi Supreme Court interpreted Rule 9.06, and held that "it would be error not to hold a competency hearing once a trial court orders a psychiatric evaluation to determine competency to stand trial." *Sanders v. State*, 9 So. 3d 1132, 1136 (¶16) (Miss. 2009). The supreme court later explained that the *Sanders* court's reasoning was that by ordering a mental examination, "the trial court had reasonable ground to believe the defendant was incompetent to stand trial." *Smith v. State*, 149 So. 3d 1027, 1033 (¶16) (Miss. 2014), *overruled by Pitchford v. State*, 240 So. 3d 1061, 1070 (¶49) (Miss. 2017)). However, this Court recently recognized that "*Sanders* [did] not apply retroactively."

_____

*v. State*, 249 So. 3d 331, 342 n.3 (Miss. 2018).

*Hood v. State*, 298 So. 3d 1036, 1042 (¶19) (Miss. Ct. App. 2020), *cert. denied*, Order, No. 2017-CT-00165-SCT (Miss. Oct. 21, 2020).

¶15. In *Pitchford*, the supreme court "reject[ed]" its rulings in *Sanders* and *Smith*, finding them "to be a hypertechnical interpretation and application of Rule 9.06." *Pitchford*, 240 So. 3d at 1068 (¶38). Instead, the trial court's obligation to conduct a competency hearing arises "only 'where there is sufficient doubt about a defendant's competence.'" *Id*. at 1069 (¶40) (quoting *Sanders*, 9 So. 3d at 1142-43 (¶43) (Miss. 2009) (Waller, C.J., dissenting)). "In the absence of such doubt, the obligation to sua sponte order a competency hearing simply does not arise." *Id*. Further, agreeing with Justice Coleman's dissent in *Smith* that "myriad reasons may exist to conduct a mental competency examination aside from a determination that the above-described reasonable grounds exist," the *Pitchford* court concluded:

> [A] trial court's competency evaluation order does not in and of itself conclusively (or necessarily) establish, for purposes of Rule 9.06's mandates, or appellate-review purposes, that the trial court had reasonable grounds to believe the defendant was incompetent to stand trial. Such a determination must be made based on the facts and circumstances attending each particular case.

*Id*. at 1069 (¶¶41-42) (first quoting *Smith*, 149 So. 3d at 1036 (¶23) (Coleman, J., dissenting)).

¶16. We agree with the State that in this case, "[r]easonable grounds did not exist to request a competency hearing or for the [c]ourt to conduct a competency hearing." Dr. Lott reported to the court, prior to Bynum's guilty plea, that Bynum had a "rational and factual understanding of the nature and object of the legal proceedings against him" and "understood

7

the charges against him and the possible penalty if convicted." At the plea colloquy, Bynum said he had never been treated for any mental illness or disorder. The circuit court questioned Bynum regarding his ability to understand the plea proceedings and the consequences of his plea. After Bynum affirmed his ability and desire to plead guilty, the court found that his plea was "freely, voluntarily, knowingly and intelligently made and entered." The plea petition signed by Bynum further stated that he was not "suffering from any severe or debilitating mental disease." *See Hoyt v. State*, 952 So. 2d 1016, 1020 (¶8) (Miss. Ct. App. 2007) ("Great weight is given to statements made under oath and in open court during sentencing." (quoting *Gable v. State*, 748 So. 2d 703, 706 (¶11) (Miss. 1999))). Moreover, defense counsel averred in an affidavit, "Having discussed this matter carefully with the defendant, I am satisfied that he is mentally competent and physically sound; there is no mental or physical condition of which I am aware which would affect his ability to understand these proceedings[.]" In the judgment of conviction, the circuit court determined that Bynum was "competent to understand and d[id] understand the nature of the criminal offense(s) to which the plea(s) of guilty [was/were] entered and underst[ood] the minimum and maximum punishments prescribed by law[.]"[6]

---

[6] The State further argues that by way of Bynum's PCR motion hearing, the trial court afforded him a retrospective competency hearing. The circuit court entered a separate order on March 26, 2019, ruling that Bynum "was competent to enter a guilty plea on September 24, 2008." While not necessary for the decision in this case, we agree with the State's argument that the evidence Bynum offered at the hearing on the motion for PCR "was not sufficient to overcome the timely and thorough exam and opinion rendered by Dr. Lott immediately prior to Bynum's plea hearing."

¶17. Finding no merit to the issues raised by Bynum, we affirm the circuit court's denial of his PCR motion.

¶18. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**