McMILLIN, C.J.,
for the Court:
¶ 1. Eric Hoskins pled guilty to aggravated assault and was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. It was alleged that Hoskins had discharged a firearm at Anthony Woodward in an attempt to cause him bodily injury.
¶ 2. Hoskins, while incarcerated, filed a pro se pleading entitled “Motion for Sentence Reduction” in which he asked the trial court to reduce his sentence based on what he termed “new compelling facts” that were not discoverable at the time his plea was entered. The motion went on to set out this alleged newly discovered evidence; however, the information consisted of nothing more than Hoskins’s own version of the incident in which he claimed to have fired the weapon at Woodward in self-defense. According to allegations in the motion, Hoskins and Woodward had been in a scuffle and Hoskins fired his weapon when Woodward broke off the fight and began running toward a table where he (Hoskins) feared Woodward had secreted a gun.
¶ 3. The trial court treated the motion as one cognizable under the State’s post-conviction relief statute and dismissed the motion without hearing under authority of Section 99-39-11(2) of the Mississippi Code of 1972. Hoskins perfected this appeal from that ruling and raises two issues. First, he contends that the trial court erred in denying any relief without at least affording him the benefit of an evidentiary hearing. Secondly, Hoskins alleges that he received ineffective assistance of counsel based on the proposition that his attorney permitted him to plead guilty when, in fact, he was not guilty of any crime because he was acting in necessary self defense.
¶ 4. Finding no merit in this appeal, we affirm the decision of the trial court.
I.
Failure to Conduct Evidentiary Hearing
¶ 5. Mississippi’s post-conviction relief law provides a remedy for a prisoner who can demonstrate “[t]hat there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice.” Miss.Code Ann. § 99-39-5(l)(e) (Rev.2000). Such evidence, in order to be considered in a post-conviction relief proceeding, must be information that was “not reasonably discoverable at the time of trial....” Miss.Code Ann. § 99-39-5(2) (Rev.2000).
¶ 6. The motion as filed with the circuit court makes no other claim except that evidence that Hoskins was acting in self-defense was newly discovered information.
¶ 7. Section 99-39-11(2) permits the trial court to dismiss a motion “[i]f it plainly appears from the face of the motion ... that the movant is not entitled to any relief....” Miss.Code Ann. § 99-39-11(2) (Rev.2000). Since all of the evidence relating to this self-defense claim was known to Hoskins at the time he entered his guilty plea, it is evident on the face of his motion that it cannot be newly discovered information unavailable to the defense through the exercise of reasonable diligence at the time the plea was entered. That being the case, the trial court was correct in concluding that the motion plainly lacked merit on its face. Thus, it was not error to dismiss the motion without an evidentiary hearing.
II.
Ineffective Assistance of Counsel
¶ 8. Hoskins for the first time on appeal alleges that his counsel was ineffective in persuading him to plead guilty when he had an absolute defense to the *1045 charges, ie., evidence that Hoskins contends demonstrates he was acting in self-defense. Even conceding our obligation to give a liberal interpretation to Hoskins’s motion filed with the circuit court since he is proceeding pro se (See, e.g., Sanders v. State, 760 So.2d 839(¶ 4) (Miss.Ct.App.2000), McCreary v. State, 582 So.2d 425, 426 (Miss.1991)), it is impossible to read a claim of ineffective assistance of counsel into the motion.
¶ 9. Alternative grounds for relief under the post-conviction relief statute not presented to the trial court for consideration may not be raised for the first time on appeal. Patterson v. State, 594 So.2d 606, 609 (Miss.1992). This Court is without authority to consider Hoskins’s ineffective assistance of counsel claim.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ„ concur.