RUSSELL, J.,
for the Court:
¶ 1. Marquis Townes appeals the DeSoto County Circuit Court’s order dismissing his motion for post conviction relief (PCR). Townes raises three issues for review, which we restate for clarity: (1) whether his conviction and sentence should be overturned based on new evidence of self-defense; (2) whether he received ineffective assistance of counsel; and (3) whether Mississippi Code Annotated section 97-3-7 (Supp.2011) is unconstitutional. Finding *814 no error, we affirm the circuit court’s dismissal of Townes’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶ 2. Townes pled guilty to aggravated assault on July 28, 2008. At the plea hearing, Townes stated under oath that he was satisfied with the services of his attorney, and that he had no complaints about his attorney. Also on July 28, 2008, the circuit court sentenced Townes to 15 years and 117 days, with 117 days to serve in the custody of the Mississippi Department of Corrections (MDOC) and 15 years suspended and 15 years of post-release supervision. Townes was given credit for 117 days of time served and was also ordered to pay $29,084.04 in restitution. On January 29, 2010, ten years of Townes’s suspended sentence was revoked for his failure to pay restitution and his commission of new crimes. On November 10, 2010, Townes filed his PCR motion. The motion was dismissed, and he timely appealed.
DISCUSSION
¶ 3. “A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Lee v. State, 78 So.3d 330, 331 (¶ 5) (Miss. 2012) (quoting Jackson v. State, 67 So.3d 725, 730 (¶ 16) (Miss.2011)). “However, when issues of law are raised, the proper standard of review is de novo.” Id.
1. Whether Townes’s conviction and sentence should be overturned based on newly discovered evidence.
¶ 4. Townes argues that his conviction and sentence should be overturned because he has new evidence of a material fact-namely, that he was acting in self-defense at the time of the assault. He relies on Mississippi Code Annotated section 99-39-5(l)(e) (Supp.2011), which states:
(1) Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, ... may file a motion to vacate, set aside[,] or correct the judgment or sentence ... if the person claims:
[[Image here]]
(e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justicef.][1]
¶ 5. In Hoskins v. State, 812 So.2d 1043, 1044 (¶¶ 1-2) (Miss.Ct.App.2001), the defendant pled guilty to aggravated assault and subsequently filed a motion seeking a reduced sentence on the basis that he was acting in self-defense at the time of the assault. He argued that he had “new compelling facts” that were undiscoverable at the time of his guilty plea. Id. at (¶ 2). However, these “facts” consisted of “nothing more than Hoskins’s own version of the incident in which he claimed to have fired the weapon ... in self-defense.” Id. The circuit court treated the filing as a PCR motion and dismissed the motion. Id. at (¶ 3). This Court held that “[sjince all of the evidence relating to this self-defense claim was known to Hoskins at the time he entered his guilty plea, it is evident on the face of his motion that it cannot be newly discovered information unavailable to the defense through the exercise of reasonable diligence at the time the plea was entered.” Id. at (¶ 7). Therefore, we held his PCR motion lacked merit. Id.
*815 ¶ 6. In this case, Townes argues that he was acting in self-defense at the time of the assault. However, Townes’s PCR motion — like the motion in Hos-kins — consists of nothing more than his own version of the incident and an allegation that he was acting in self-defense. This defense was available to Townes at the time of his guilty plea. Further, this Court has previously held as follows:
Newly discovered evidence is relevant only in situations where a defendant went to trial and was convicted. If, following the trial, a defendant discovers relevant and material evidence which could not have reasonably been discovered prior to trial, the defendant may seek to have his conviction set aside based on the newly discovered evidence. When a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could, prove his innocence.
Jenkins v. State, 986 So.2d 1031, 1034 (¶ 12) (Miss.Ct.App.2008) (quoting Jones v. State, 915 So.2d 511, 514 (¶10) (Miss.Ct.App.2005)) (emphasis added). Thus, because Townes entered a plea of guilty, he cannot now claim he was acting in self-defense. This issue is without merit.
II. Whether Townes received ineffective assistance of counsel.
¶ 7. “To establish a claim of ineffective assistance of counsel, [the defendant] must prove, under the totality of the circumstances, that (1) his attorney’s performance was deficient and (2) the deficiency deprived the defendant of a fair trial.” Thomas v. State, 883 So.2d 1197, 1199 (¶ 12) (Miss.Ct.App.2004) (citing Jackson v. State, 815 So.2d 1196, 1200 (¶ 8) (Miss.2002)). In the context of a guilty plea, the defendant must prove, by a preponderance of the evidence, that but for the ineffective assistance of counsel, he would not have pled guilty and insisted on a trial. Pleas v. State, 766 So.2d 41, 43 (¶ 7) (Miss.Ct.App.2000).
 ¶ 8. Townes testified under oath at his plea hearing that he was satisfied with the services provided by his attorney. Townes further testified that he did not have any complaints about his attorney. We note that “declarations in open court carry a strong presumption of verity.” Thomas, 883 So.2d at 1199 (¶ 13) (quoting Brasington v. State, 760 So.2d 18, 25 (¶ 32) (Miss.Ct.App.1999)). Further, “[a] trial court is entitled to place great weight upon a defendant’s initial plea under oath.” Id. (citing Templeton v. State, 725 So.2d 764, 767 (¶ 10) (Miss.1998)). Townes failed to present any evidence in support of his claim that his prior sworn statements regarding his satisfaction with his attorney should be disregarded. See id. (holding that the defendant “failed to place before the trial court evidence of such weight as to establish that his prior sworn statement of satisfaction with his attorney should be disregarded”). Thus, this claim is without merit.
III. Whether Mississippi Code Annotated section 97-3-7 is unconstitutional.
¶ 9. Lastly, Townes argues that the aggravated-assault statute is unconstitutional. However, Townes fails to cite any authority to support his assertion. Therefore, his argument is procedurally barred. Martin v. State, 43 So.3d 533, 535 (¶ 10) (Miss.Ct.App.2010) (citing M.R.A.P. 28(a)(6)) (citation omitted).
CONCLUSION
¶ 10. Because Townes had the defense of self-defense available to him at the time he entered his guilty plea, his claim of *816 newly discovered evidence is without merit. We also find no merit to Townes’s claim of ineffective assistance of counsel, as Townes admitted under oath that he was satisfied with the services of his attorney. Finally, Townes fails to cite any authority for his contention that the aggravated-assault statute is unconstitutional; therefore, his claim is procedurally barred.
¶ 11. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. We note that Townes does not allege his guilty plea was involuntary under Mississippi Code Annotated section 99 — 39—5(1 Xg) (Supp. 2011).