ISHEE, J.,
for the Court:
¶ 1. Charles Ferguson appeals the denial of his petition for post-conviction relief (PCR) by the Jackson County Circuit Court. On appeal, he contends that his guilty plea was unconstitutional because he was not advised of the elements of the crime to which he pled guilty. We find no error and affirm.
STATEMENT OF FACTS
¶ 2. Ferguson was indicted for two counts of child exploitation in violation of Mississippi Code Annotated section 97-5-33(5) (Supp.2012) and one count of possession of a weapon by a convicted felon in violation of Mississippi Code Annotated section 97-37-5(1) (Supp.2012).
¶ 3. Following his indictment, Ferguson agreed to plead guilty to the two counts of exploitation of a child, and the State agreed to drop the third charge. Ferguson’s guilty plea was accepted. The circuit court sentenced Ferguson on each count to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with eight and one-half years to serve and six and one-half years suspended, and with the sentences to run concurrently with each other, and six and one-half years of post-release supervision. Ferguson was ordered to pay a $25,000 fine on each charge, with $20,000 suspended. He was also ordered to register as a sex offender. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
*1237 STANDARD OF REVIEW
¶ 4. “When reviewing a circuit court’s decision to deny a PCR motion, this Court will not disturb the circuit court’s factual findings unless they are found to be clearly erroneous.” Cane v. State, 109 So.3d 568, 570 (¶ 6) (Miss.Ct.App.2012) (quoting Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). “Questions of law receive a de novo analysis.” Id.
DISCUSSION
¶ 5. Ferguson asserts that neither the circuit court nor his defense attorney informed him of the elements of the crime to which he was pleading guilty prior to the court accepting and entering his guüty plea.
¶ 6. It is difficult to understand what more the circuit court or the attorney could have done to establish that Ferguson was informed of the elements of the charged crime. The indictment clearly set forth the facts of the case, and Ferguson admitted in open court that he was guilty of possessing pictures he had downloaded from a computer and a videotape of children participating in sexually explicit activities. The prosecutor stated in open court that Ferguson was charged with possession of the photographs and videotape. Ferguson also stated that he understood the charges against him.
¶ 7. In Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that “[i]t was error, plain on the face of the record, for the trial judge to accept [the] petitioner’s guilty plea without an affirmative showing that it was intelligent and voluntary.” Also, “an accused [must] have knowledge of the critical elements of the charge” prior to the circuit court’s acceptance of a valid guilty plea. Gilliard v. State, 462 So.2d 710, 712 (Miss.1985) (citing Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)).
¶ 8. Th[is] Court has followed a rule that “the failure of the trial court to advise the defendant of the elements of the charge may be harmless error if it can be shown that prior to the plea the defendant had been advised through other sources of the critical elements of the crime with which he is charged.”
Jones v. State, 936 So.2d 993, 998 (¶ 18) (Miss.Ct.App.2006) (quoting Carter v. State, 775 So.2d 91, 97 (¶25) (Miss.1999)). If the appellant’s guilty plea clearly indicates that the accused understands the charges to which he is pleading guilty, that is sufficient. Gaskin v. State, 618 So.2d 103, 106 (Miss.1993).
¶ 9. Mississippi Code Annotated 97-5-33(5) states: “No person shall, by any means including computer, possess any photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexually explicit conduct.” This statute was read in open court to Ferguson as the charge against him. He acknowledged having committed the crime on the record. We find that the circuit court judge and Ferguson’s attorney did not fail to advise Ferguson of the critical elements' of the crimes to which he pled guilty. During the plea colloquy, Ferguson was instructed on the elements and he admitted to his possession of the photographs and videotape. There is no merit to his assignment of error. We therefore affirm.
¶10. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1238 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.