# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01130-COA

**MERRICK CLEVELAND**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

DATE OF JUDGMENT:                08/23/2021
TRIAL JUDGE:                     HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:       WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          PETER ANTHONY CARL STEWART
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 04/18/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Merrick Cleveland filed a motion for post-conviction collateral relief (PCR) in the Washington County Circuit Court. The circuit court summarily denied it. On appeal, he claims that the circuit court should have found that he was not adequately informed regarding trafficking narcotics or second-degree murder before he pled guilty to those two offenses. He also claims for the first time on appeal that his appointed defense attorney was ineffective because he did not properly inform him regarding the nature or elements of trafficking narcotics or second-degree murder. We affirm the circuit court's judgment summarily denying his PCR motion because Cleveland's first claim is meritless, and his second claim is procedurally barred.

## FACTS AND PROCEDURAL HISTORY

¶2.     In February 2017, Cleveland was indicted and charged with conspiracy, trafficking narcotics, capital murder, and possession of a firearm by a felon.  He later agreed to enter *Alford* best-interest pleas[1] to trafficking narcotics and second-degree murder.  Per a negotiated plea agreement, the prosecution dropped the charges for conspiracy and possession of a firearm by a felon.  Consistent with the prosecution's recommendation, on January 14, 2019, the circuit court sentenced Cleveland to serve two concurrent twenty-five-year terms in the custody of the Mississippi Department of Corrections.

¶3.     On May 3, 2021, Cleveland filed a pro se PCR motion.  He claimed that (1) his appointed attorney coerced his guilty pleas; (2) he was uninformed of the nature of trafficking narcotics and second-degree murder; (3) he was uninformed of the nature or elements of any lesser-included offenses of the charges in the indictment; and (4) there was not a factual basis for his guilty pleas.  On August 23, 2021, the circuit court summarily denied Cleveland's PCR motion.  He now appeals.

## STANDARD OF REVIEW

¶4.     "When reviewing a [circuit] court's decision to deny a petition for post conviction relief this Court will not disturb the [circuit] court's factual findings unless they are found to be clearly erroneous."  *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999).  "Where questions of law are raised the applicable standard of review is de novo."  *Id*.

## ANALYSIS

---

[1]  *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

**I. The circuit court correctly found that Cleveland was adequately informed regarding the nature and elements of trafficking narcotics and second-degree murder.**

¶5. Cleveland argues that he did not knowingly plead guilty to trafficking narcotics or second-degree murder "because he did not understand the elements of [those] charges[.]" Without question, "[i]n order to meet constitutional standards, a guilty plea must be freely and voluntarily entered." *Gilliard v. State*, 462 So. 2d 710, 712 (Miss. 1985). "It is essential that an accused have knowledge of the critical elements of the charge against him . . . ." *Id.* (citing *Henderson v. Morgan*, 426 U.S. 637 (1976)). "If the appellant's guilty plea clearly indicates that [he] understands the charges to which he is pleading guilty, that is sufficient." *Ferguson v. State*, 131 So. 3d 1235, 1237 (¶8) (Miss. Ct. App. 2013) (citing *Gaskin v. State*, 618 So. 2d 103, 106 (Miss. 1993)).

¶6. "[T]he failure of the trial court to advise the defendant of the elements of the charge may be harmless error if it can be shown that prior to the plea the defendant had been advised through other sources of the critical elements of the crime with which he is charged." *Carter v. State*, 775 So. 2d 91, 97 (¶25) (Miss. 1999). "A trial court need not explain the elements of the offense to the defendant." *Hill v. State*, 60 So. 3d 824, 830 (¶19) (Miss. Ct. App. 2011) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)). "Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Id.* (quoting *Bradshaw*, 545 U.S. at 183). Additionally, "a prosecutor's on-the-record statement of the elements of the crime charged sufficiently

informs a defendant of the elements of the crime." *Argol v. State*, 155 So. 3d 848, 852-53 (¶13) (Miss. Ct. App. 2013).

¶7. During the plea hearing, the circuit judge asked Cleveland, "Has your attorney explained to you and do you fully understand the nature of the charges against you?" Under oath, Cleveland answered, "Yes, ma'am." The circuit judge also asked the prosecution to explain what it would prove if Cleveland opted to go to trial. The prosecution answered:

> [T]he [prosecution] would show in Count 2 [(the trafficking-narcotics charge)] that Archie Buford, Merrick Cleveland, Jonathan Harris, Johnathan Robinson, and Howard Williams, each acting in concert one with the other, on or about the 10th day of September, 2015, here in Washington County, did knowingly, willfully, intentionally, unlawfully, and feloniously have and possess more than 1 kilogram of marijuana, a Schedule 1 controlled substance, with the intent to sell, barter, transfer, distribute, or dispense the said marijuana in violation of Section 41-29-139 of the Mississippi Code of 1972 as annotated and amended and against the peace and dignity of the State of Mississippi.

Regarding the second-degree-murder charge, the prosecution stated:

> [T]he [prosecution] would show that Merrick Cleveland, acting in concert with others, on or about the 10th day of September, 2015, here in Washington County, did unlawfully, willfully, feloniously, without authority of law, and during the commission of an act imminently dangerous to others, discharge a firearm, evincing a depraved heart, without premeditated design, effect the death of Jonathan Daniels, a human being, against the peace and dignity of the State of Mississippi.

¶8. Although Cleveland alleges that he was uninformed regarding the elements of trafficking narcotics and second-degree murder, he does not elaborate on which elements he remained ignorant. More significantly, it is not this Court's place to ferret out an argument for him. *See* M.R.A.P. 28(a)(7); *Jefferson v. State*, 138 So. 3d 263, 265 (¶9) (Miss. Ct. App. 2014). Cleveland has not overcome the fact that he previously swore under oath that his

4

attorney informed him of the nature and elements of trafficking narcotics and second-degree murder. Likewise, he does not attempt to explain how he remained ignorant of any particular elements of trafficking narcotics or second-degree murder after the prosecution discussed the proof it would present if Cleveland opted for trial. Suffice it to say, it was within the circuit court's discretion to find that Cleveland failed to meet his burden to prove that he did not knowingly enter *Alford* pleas to both charges. We thus find no merit to his claims under this heading.

**II. Cleveland's claim that he received ineffective assistance of counsel is procedurally barred.**

¶9. In this issue, Cleveland's appellate counsel asserts that "[b]ecause of his counsel's ineffective assistance, [Cleveland] failed to argue ineffective assistance of counsel in [his] original" PCR motion. But Cleveland was not represented by counsel when he filed the PCR motion that led to this appeal. Nevertheless, Cleveland's appellate counsel is correct that Cleveland's PCR motion did not include a claim that he received ineffective assistance of counsel at any stage of the underlying criminal proceedings. As such, Cleveland is procedurally barred from asserting the issue for the first time on appeal. *Hoskins v. State*, 812 So. 2d 1043, 1045 (¶9) (Miss. Ct. App. 2001) (citing *Patterson v. State*, 594 So. 2d 606, 609 (Miss. 1992)).

**CONCLUSION**

¶10. The circuit court correctly held that Cleveland was adequately informed about the nature and elements of the offenses to which he pled guilty. Cleveland is procedurally barred from raising his ineffective-assistance-of-counsel claim for the first time on appeal. We

5

therefore affirm the circuit court's judgment.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**